Lipscomb, J.
The plaintiff in the court below, who is the appellee in this ■court, filed his petition to subject certain lands and laud certificates, conveyed by one Gardiner to Miller, the appellant, to the satisfaction and reimbursement to him of a certain sum of money paid as security to Gardiner; and he alleges that the laud and certificates so transferred were conveyed for the purpose of remunerating the said Miller and himself for money paid as security for him, the said Gardiner; that'Miller was a co-security with the petitioner for Gardiner; that although the said conveyance is on its face absolute and unconditional to Miller, it was intended for the joint reimbursement of *242 the petitioner and Miller for all such sums as they had been compelled to pay for Gardiner, as his securities, and was so acknowledged to he by the said Miller. He prays “that Miller may be decreed to deliver over to petitioner one-“half of the property so conveyed by Gardiner, or so much thereof as may be “ sufficient to secure him against the amount lie has paid for said Gardiner; or, “failing todo so, that he be compelled to pay your petitioner theamonnt of the “ loss which lie lias sustained by signing the note aforesaid, to wit, the sum of “one hundred and twenty-five dollars, with interest from the date, and for such-“other relief as to equity may appertain.”
The answer admits the conveyance, but denies that it was made for the benefit of the plaintiff. It alleges that it was conveyed in consideration of different sums of money paid by the defendant, specifying the sums, as security for the said Gardiner. The defendant, before answering, demurred to the petition, which was overruled by the court. There was a tlecree in favor of the plaintiff that the defendant should pay to him the amount paid as security for Gardiner and costs.
The overruling the demurrer is the first error assigned and will be tlio first considered.
' The petition is very badly drawn and is obnoxious to criticism in many respects; but it alleges facts that if proven would create an express trust that would entitle the.petitioner to relief. The demurrer was therefore properly overruled.
The trust being an express trust, we will*next inquire whether it was proven. There could be no proof of a declaration of an.express trust by oral testimony, under the statute of frauds of 20 Charles II, cli. 3, sec. 7, which required that it should be in writing, signed by the party. In this case there was no such evidence of the express trust as is required by the statute cited. This case, however, is not to be tried by the English statute, but by the common law, if not provided for by our statute of frauds. And this court has clearly shown and decided that trusts are not embraced in onr statute, and that a trust may be proven as at common law by parol evidence. (See James v. Fulcrod, 5 Tex. R., 512; Mead v. Randolph, 8 Tex. R.) In the two cases cited the question of the admissibility of parol testimony was maturely considered, and it was clearly shown to be admissible, because not prohibited by our statute of frauds, and it is no longer an open question in this court.
We will proceed to inquire if the evidence of the trust in this case was sufficient to sustain a decree in favor of the plaintiff. It was proven by one witness only, unsupported, as is believed, by any corroborating circumstances. The evidence is short and we will insert it here: Cherry, a witness for the plaintiff, testified, “ That he heard the defendant tell the plaintiff, in conversa‘•‘tion that took place between them at Columbus, that Gardiner had conveyed “the land and property in tire said deed to him, the defendant, to indemnify “him as security on,a nóte of seven hundred dollars to W. G. Foley, as well “as to indemnify him, the defendant, and the plaintiff as securities on the two^ “hundred dollar note; that defendant told the plaintiff'on the said occasion “that Gardiner had conveyed to the defendant sufficient property to settle both “debts and indemnify him, defendant, and plaintiff.” The question of fact as-to the sufficiency of the proof to establish the trust by the confession of the defendant, when it has been denied by him in,his answer, has been a,good deal discussed in England and in this country. On this subject Chancellor Kent, in Boyd v. McLane, 1 Johns. Chan. R., 590, uses the following language : “The cases uniformly show that the courts have been deeply impressed with “thedanger of this kind of proof as tending to perjury and the insecurity of' •“paper title, and they have required the payment by the cestui qae trust to be “clearly proved. In the case of Leach v. Leach, 10 Ves. R., 517, Sir William “Grant did not deem the unassisted oath of a single witness to the mere1, naked “ declaration of the trustee, admitting the trust, as sufficient, and there wore “ no corroborating circumstances in the case. lie thought the evidence “too uncertain and dangerous to be depended upon. It would be easy to mul *243 “tiply cases of the like caution and discretion; and the only inquiry is, whether “there is not convincing and satisfactory proof of the loan to the plaintiffs, “ and consequently the payment of the consideration in the deed with their “money.”
The chancellor continues to recapitulate the evidence, and shows that it was proven in the ease under his consideration by several witnesses, and was made fully satisfactory. He, however, clearly shows his approbation of the opinion of Sir William Grant, and, no doubt, would have made the same decision had the trust been proven by one witness only, unassisted by corroborating- circumstances. The case before the chancellor was an implied' trust, but we have seen that with us there is no distinction in the proof of an express and an implied trust in proving- the trust. If it was considered in other countries as too dangerous, and tending to perjury and insecurity of paper title, to admit the sufficiency of such evidence, that danger would be greatly enhanced in this country where property of almost every description is subject to such fluctuation in price. What is to-day sold at a fair price, may, in a year or two, be enhanced four fold. If one witness could establish the fact of the trust by the naked declaration of the supposed trustee, the inducement would be great, to convert by a perjured witness the most fair and unobjectionable and absolute sale into a mere trust for the repayment of the purchase-money, and it is doubted whether a single case can be found where such .testimony was held sufficient. In the case of Mead v. Randolph, cited, there were several strong corroborating circumstances to support the evidence of Mrs, Madden to establish the trust. We believe that the same proof, that is to say, as certain and satisfactory, should he required to prove an express trust, as to establish a resulting trust, and that the naked oatii of one witness, without other corroborating circumstances proved, ought never to beheld as sufficient. This, in effect, was ruled by us in Neill v. Keese. (5 Tex. R., 23.)
It is not believed that the objection to the admissibility of the witness Glierry, on the ground of his being the administrator of Gardiner’s estate, is sustainable. He was not a party to the suit, and the creditors of Gardiner, if he had any beside the plaintiff and defendant, had not intervened. We cannot, therefore, perceive any direct interest Cherry could have in the result. If he had any interest, it was remote and contingent.
The objection to the admissibility of the copy of the deed offered and read in evidence would have been well taken, if the evidence had been material, because the deed does not appear to have been authenticated by any person known to the law authorized to make' such authentication; it was made by the deputy clerk of the Probate Court. It was not, however, necessary to introduce even the original. The deed had been admitted by the answer.
The deed was, however, erroneous, even if the facts upon which it was based had been fully established by proof. It should have directed the sale of the trust property, and an appropriation of the proceeds in satisfaction of tiie claims of the cestui que trusts. The decree, however, might have been modified by the alternative prayed in the petition, because, there being no creditors or heirs, or any other persons intervening, and the rights of only the plaintiff and defendant adjusted, and the plaintiff having prayed the alternative of a decree that he should be paid the amount secured to him, it might well have been decreed that the defendant should make his election to pay the money, if he preferred doing so, to the sale of the trust property. This, it seems, could have been done' upon the authority of Chancellor Kent, in Murray v. Ballou, 1 Johns. Chan. R., 581. It does not appear that-any other person is claiming- an interest in the trust property, and it is not likely, from the evidence, that any other interest will be interposed, as the property would not, in all probability, sell for much, if anything, more than sufficient to satisfy the heirs of Miller and Thatcher. Under such circumstances the property should be decreed to be sold, giving Miller a reasonable time, if he preferred doing so, to pay off and discharge Thatcher’s lien. Should, however, other interests be interposed, when the case goes back to the court below, the trust *244 property will have to be sold, and the excess, if any, after satisfying the liens upon it, should go to the satisfaction of other creditors, if any, and if not, to the heirs of Gardiner. The judgment is reversed and remanded.
Note 79. — BicClennyy. Floyd, 10 T., 159; Cuney v. Dupree, 21 T.,211; Grooms v. Bust, 27 T.,231.
• Note 80. — Hodges v. Johnson, 15 T„ 572; Hull v. Dayton, 16 T., 262. These cases are overruled in Layton v. Hall, 25 T., 20=1, and tlie dissenting opinion of Judge Wheeler in 16 T.. 262, held to bo correct. •
* Note 81. — Todd v. Dysart, 23 T., 590.
Note 82. — A deputy clerk is authorized to take proof of deeds, <fec., for record. (Rose v. Newman, 26 T., 131; Frizzell v. Johnson, 30 T., 31.)
Reversed and remanded.