JEREMIAH MORELAND V. H. BARNHART ET AL.

1. HOMESTEAD.—See discussion of facts relied on as proving a destination of a homestead.
2. SAME.—The intent to appropriate a homestead should be evidenced by some unmistakable acts showing an intention to carry into execution such intent, or some sufficient excuse should be shown for the absence of such acts when the homestead right is asserted against a purchaser of the land before actual occupation of it as homestead.
3. SURVEY NOT RETURNED TO THE LAND OFFICE.—It was error to instruct the jury that a survey made before January, 1854, and not returned to the General Land Office until October, 1860, was void, in the absence of any adverse location of the land.
4. PAROL EVIDENCE OF TRUST IN LAND.—That a deed absolute on its face may be shown by parol to be intended as a trust has often been decided by this court. The trust must be shown with clearness and certainty.
5. PRACTICE.—Where the petition is in trespass to try title and defense is made that the plaintiff's title is but a mortgage upon the land, and no alternative prayer is made by plaintiff for foreclosure, upon a verdict sustaining the defense, a decree foreclosing the mortgage cannot be rendered.

APPEAL from Cass. Tried below before the Hon. James H. Rogers.

February 4, 1873, Jeremiah Moreland brought trespass to try title against H. Barnhart, to recover a tract of 242 acres of land.

Plaintiff set up title deed for the land from S. J. Round-

tree to Thomas H. Roundtree, of date September 3, 1867 ; from Thomas H. Roundtree and wife to Isaac H. Betts, of date 17 March, 1870 ; from Betts and wife to plaintiff, of date 16 June, 1870.

April 4, 1873, Barnhart disclaimed and pleaded not guilty. Leave was given Sallie V. Roundtree, the widow of Thomas H. Roundtree, and their children, to intervene.

December 4, 1873, the said widow and her two children, Charlie R. and Seaborn A. Roundtree, intervened, pleading not guilty ; that the deed from Thomas H. and wife to Betts had been obtained by Betts by reason and in consequence of fraud and duress, and that the land was the homestead of the said Thomas H. Roundtree and his family, purchased and destinated as such, and had been continuously occupied by him and his surviving family in person or by their tenants, of which plaintiff had notice.

August 5, 1874, plaintiff, in replication, denied that the land had ever been the homestead of the deceased, Thomas H. Roundtree, or destinated as such; that when the land was purchased by Betts (March 17, 1870) the land was occupied by an old negro, Isaac Rayford, with his family, under a lease from Roundtree, and that the parties claim title from a common source, to wit, from S. J. Roundtree, Sr., who conveyed the land to Thomas H. Roundtree by deed of date September 3, 1867 ; that plaintiff is an innocent purchaser, without notice of any homestead rights of the defendants or that their deed to Betts was a mortgage.

December 17, 1874, defendant amended their answer, and alleged that she, as widow of Thomas H. Roundtree, for herself and children, on the —— day of January, 1871, tendered the full amount of the debt secured by the deed to Betts to him, and that the land sued for was vacant public domain of the State; that the field notes and certificate had not been returned to the land office; and that she was taking steps to secure title thereto by pre-emption upon 160 acres thereof.

By further amendment defendant claimed two hundred acres of the tract sued for as homestead and the remainder as necessary to make up the substituted allowance to the family of property exempt from execution and not owned by the deceased, Thos. H. Roundtree, whose estate was insolvent.

The court, after stating the case made by the pleadings, instructed the jury—

"To entitle the plaintiff to recover the land he must show a regular chain of transfer from the State down to himself, or if the land had not been patented at the date of the deed of T. H. Roundtree and wife to J. H. Betts, it must appear that a legal survey of said land was made under a valid certificate, and that the field notes had been duly returned to the land office. If such proof appears you will find for the plaintiff the land in controversy, * * * unless it also appears from the evidence that at the time Roundtree and wife executed the deed for the land to Betts it was the only land they had or owned in the State, and that the same was their homestead, or unless it shall appear that their said deed was a mortgage, or unless it appears that the land was vacant public domain at the date of said deed; and if either of these facts appear by satisfactory proof, you will find for the defendant.

"A homestead is the place of a family's residence, where they live or where they have set the same apart as a future home for themselves and family. To constitute the land a homestead it is not necessary that they should reside upon it, but it is sufficient if it is destinated for that purpose, and it is held and owned with a view of making it the home of the family, and any preparation made or intended to be made for that purpose by the head of the family is a sufficient destination, and especially is this the case when the family owns no other land.

"A legal mortgage is a conveyance of land by a deed by a debtor to a creditor as a pledge or security for money owed

by the debtor, or for the performance of a covenant for the payment of money, with a condition that the conveyance shall be void upon the payment of the money or the performance of the contract. The conditions thereto may be either expressed in the deed or may exist outside of it by verbal agreement between the parties.

"If you find the land was not a homestead as above defined but also find that the deed from Roundtree and wife to Betts was a mortgage as above defined, then to entitle the plaintiff to recover it must appear from the evidence outside of the recitations in his deed that the plaintiff purchased the land in good faith, and paid a valuable consideration therefor, and had no notice that the conveyance from Roundtree and wife was to be defeated on the payment of a debt for which it was intended as a security.

If such fact however appears in the evidence to give satisfaction you will find for the plaintiff, unless it also appears that the land was located and surveyed by some person under whom the plaintiff claims title thereto on the 3d day of January, 1854, and that the field notes thereof were not returned to the General Land Office until the 19th day of October, 1860, and if you so find, then the land was vacant public domain when the same was conveyed to Betts, and you will find for the defendants."

The jury found a verdict for defendants. The testimony is sufficiently set out in the opinion.

Moreland's motion for new trial was overruled, and he appealed.

*Culberson & Armistead* and *F. M. Henry*, for appellant.

*W. J. Sparks* and *George T. Vaughan*, for appellees, cited Franklin *v.* Coffee, 18 Tex., 417; MacManus *v.* Campbell, 37 Tex., 268; Welch *v.* Rice, 31 Tex., 688; Rogers *v.* Renshaw, 37 Tex., 625; Berry *v.* Donley, 26 Tex., 737; Stamper *v.* Johnson, 3 Tex., 1; Stephens *v.* Sherrod, 6 Tex., 294;

Luckett v. Townsend, 3 Tex., 119; Hopkins v. Nichols, 22 Tex., 206; Carter v. Carter, 5 Tex., 100; Grooms v. Rust, 27 Tex., 231; Mann v. Falcon, 25 Tex., 271; Duty v. Graham, 12 Tex., 427; Walker v. Emerson, 20 Tex., 710; Styles v. Gray, 10 Tex., 504; Stephens v. Hix, 38 Tex., 656; Frederick v. Hamilton. 38 Tex., 336.

REEVES, ASSOCIATE JUSTICE.—It appears from appellant's bill of exceptions taken on the trial of this cause that Sallie V. Roundtree, one of the appellees, was permitted to prove over appellant's objection that the deed from Thomas H. Roundtree and wife to Isaac H. Betts for the land in controversy was a mortgage as intended and agreed by the parties, and not an absolute deed of conveyance. Appellant objected to this evidence, because the appellees had not charged in their answers that he had purchased with notice that the conveyance was a mortgage.

Appellant having averred in his amended petition that he was a purchaser from Betts for a valuable consideration, not that the deed was intended as a mortgage, and having offered testimony in support of his averment in advance of appellee's evidence, it was not error to allow the appellees to introduce rebutting evidence on the same point.

The appellee, Mrs. Roundtree, in one of her amended answers, claims the land in controversy as the homestead of herself and minor children. She states in her answer that this land is the only real estate that she and her husband, Thomas Roundtree, owned, and that they had destinated it as a homestead at the time of the purchase from S. J. Roundtree, in 1867. It was proved on the trial that Isaac Rayfield occupied the land under a lease from Thomas H. Roundtree at the date of Betts' purchase in March, 1870. Mrs. Roundtree testified that the land had been leased to Rayfield for the purpose of having it improved, and that she and her husband designed the same as a homestead, as stated in her answer. It further appears that about thirty acres of the

land had been cleared and a cabin built on the place in 1869, and that Roundtree had put some lumber on the land in the fall of 1869 for the purpose of building a house for a residence. Mrs. Roundtree further testified that her husband intended to build and move on the land the next year, but failed to do so, and that he died in November, 1870. There was other evidence to the effect that Thomas H. Roundtree had expressed his intention to move on the land and occupy it as a homestead, but he never did so, and that his widow and children did not occupy the land until the close of the year 1872, long after Thomas H. Roundtree had conveyed to Betts. There was no evidence that Moreland had notice of Roundtree's intention to reside upon the land as a homestead at some future time, or his intention when he leased the premises to Rayfield.

In the case of Anderson *v.* McKay, 30 Tex., 190, the court said: "It certainly is not sufficient that a party has purchased a lot of lumber at some time in the past, which he intends at some day in the future to use in building him a house." "The intention thus to appropriate the property shall not only be found within the mind of the party, but it should be evidenced by some unmistakable acts showing an intention to carry the design into effect, or some sufficient reason should be given why this intention of the party was not demonstrated by such acts."

In Franklin *v.* Coffee, 18 Tex., 413, the court said: "It would not be necessary to secure the exemption that a house should be built or improvements made; but there must be a preparation to improve, and this must be of such a character and to such an extent as to manifest beyond doubt the intention to complete the improvements and reside upon the place as a home."

It is not necessary to decide how far the facts in evidence would support the claim to a homestead under a proper charge to the jury. There are some expressions in the charge of the court in which the law is stated too broadly

in its application to the facts of this case. The authorities cited above will suffice for the present as indicating what would be a proper charge to the jury on the state of facts presented by the record. We have deemed it proper to say this much, as otherwise it might be understood that the charge expressed our views on this question.

Another defense set up by appellees in their answer is, that Mrs. Roundtree was proceeding to acquire a title to 160 acres of the land in controversy for herself and minor children under the pre-emption laws. It does not appear from the facts as contained in the record that this land is subject to appropriation as vacant land. It is not intended to conclude any party, or prejudice any rights by what is now said, if it shall hereafter appear upon a more full examination and presentation of facts that the Irwin survey has been forfeited, and that the land has thereby become vacant. It is sufficient for the decision we are now to make that it does not so appear in the present case. The charge of the court limited the inquiry before the jury to the time when the Irwin survey was made and when the field notes were returned to the General Land Office, and made this the test by which the jury were to decide whether the land was vacant or not. There were other questions proper for the consideration of the jury, and which should have been submitted to them for their action in this connection. The charge of the court, though defective in this respect, as also in respect to the claim of a homestead, yet if the appellant has not been injured by the error complained of, it is not a sufficient ground for reversing the judgment. (Mercer v. Hall, 2 Tex., 284.)

As previously noticed, the appellees set up in their answer as a further ground of defense that the deed from Roundtree and wife to Betts was intended as a mortgage, and was not an absolute conveyance, as on its face it appears to be.

The plaintiff's suit is in form an action of trespass to try title. He claimed in his petition to be the legal and equit-

able owner of the land, and prayed judgment for its re-covery, and for the writ of possession, setting out his title, and claiming under the deed from Roundtree and wife. And by an amended petition he alleged that the deed from Roundtree and wife to Betts was an absolute sale and con-veyance of the land, and was not intended as a mortgage, and that plaintiff was an innocent purchaser for a valuable consideration paid and without notice that the deed was a mortgage, and alleged other matters not necessary to be noticed.

The appellant, and the appellee Mrs. Roundtree, were both examined as witnesses on the trial.    Appellant testified that he bought and paid for the land without notice at the time of his purchase that the deed from Roundtree to Betts was a mortgage.    He proved by Wesley B. Jones, one of the sub-scribing witnesses to the deed to Betts, the payment of the purchase-money by Betts to Roundtree, and that nothing was said by the parties about the deed being a mortgage.

Mrs. Roundtree testified that it was expressly agreed by the parties at the time she and her husband made the deed to Betts that it should operate as a mortgage or security for the repayment of the sum specified in the deed, and that the land might be redeemed by paying Betts the money with interest.    The same facts were proved by Joseph Roundtree, the other subscribing witness to the deed from Thomas H. Roundtree to Betts.    The tender of the money to Betts, and his admission that the deed from Roundtree to himself was a mortgage, and his refusal to receive the money, alleging as a reason that he had sold the land to the appellant, were distinctly proved by Mrs. Roundtree, Joseph Roundtree, and H. Oliver, all being present at the time the tender was made.    It was further proved by the witness Oliver that appellant, before the purchase from Betts, had notice that the deed from Thomas H. Roundtree to Betts was conditional. This witness testified that he was present at a conversation between appellant and Betts, at which time he heard appel-

lant say to Betts that he would take the land off his hands but for the condition in the trade between Roundtree and Betts.

We are of the opinion that the evidence warranted the verdict of the jury for the defendants, on their allegations that the deed from Roundtree to Betts was intended as a mortgage, and that appellant purchased from Betts with notice that the deed was a mortgage.

That a deed absolute on its face may be shown by parol to be intended as a trust has been often decided by this court. The trust must be shown with clearness and certainty, and in some cases it has been held that it must be shown by the testimony of more than one witness, unless his testimony be confirmed by corroborating circumstances. This we think has been done in the present case. (Mead *v.* Randolph, 8 Tex., 191; Miller *v.* Thatcher, 9 Tex., 482; McClenny *v.* Floyd, 10 Tex., 159; Cuney *v.* Dupree, 21 Tex., 211; Grooms *v.* Rust, 27 Tex., 231.)

The petition in this case is framed to recover the land, and not with the view to a decree of foreclosure if the deed from Roundtree to Betts should be held to be a mortgage. The pleadings must be framed with a view to an alternative judgment, if that relief is desired. (Duty *v.* Graham, 12 Tex., 427; Mann's Ex'r. *v.* Falcon, 25 Tex., 271.)

The judgment is affirmed.

Affirmed.