## SIL. STARK V. W. S. INGRAM.

### (No. 1058.)

HOMESTEAD EXEMPTION — ALLEGATION OF IN PETITION. — Answer setting up homestead exemption not subject to a general exception to its sufficiency; nor to a special exception that the answer does not show that the lot is claimed as a residence or a business homestead.

RENTING HOMESTEAD — RULES AS TO. — If the homestead character has otherwise been impressed upon the property, that the owner was living on another's property while renting his own would not necessarily affect the question of homestead, if the premises were used for the purposes of a home, or to exercise the calling or business of the head of a family, or both.

IRREGULARITY IN SALE — INADEQUACY OF PRICE — RULE AS TO. — The difference between the case where plaintiff in execution, or his attorney, becomes the purchaser, and where it is a stranger, induces a different rule so far as concerns the irregularities in the proceedings merely. But where gross and palpable inadequacy of price concurs with such irregularities, the rule applies to both alike if connected.

FUTURE INTENTION TO OCCUPY HOMESTEAD, WHEN AVAILABLE. — The mere general intention of both the husband and wife, no matter how long entertained, at some future and uncertain day to make property their homestead, unconnected with such acts of preparation to do so, and to carry out that intention and direct it toward a mature consummation, will not avail.

APPEAL from Jack county.    Opinion by WALKER, P. J.

STATEMENT.— This was an action of trespass to try title to recover lot No. 3, block No. 3, in the town of Jacksboro, in Jack county, Texas. The plaintiff's title was derived through a judgment in a justice's court and a constable's deed to the plaintiff as purchaser.

The defendant answered by general denial, the general issue of "Not guilty," and special plea setting up the defense of homestead exemption, the defendant being the head of a family, and that the property was sold for a grossly inadequate price, and that the officer in making the levy did not call on the defendant to point out the property.

He alleged that at the time of levy and sale of said lot, and the purchase of the same by the appellant, he was a married man and the head of a family, living in the town of Jacksboro, about one hundred and fifty yards from said lot, on another lot not his own, and was at said date using and enjoying said lot for the use, comfort and convenience of defendant and his family, and is still using and enjoying said lot, with the house thereon, as his homestead and place of business; that for a long time before the levy and sale of said lot he was a merchant and doing business in the house upon said lot, and it was notoriously claimed by defendant as his homestead, and he had no other homestead or place of business; that at the time of said levy and sale he had his family supplies and household goods in said property, and a portion of the same was rented for a butcher shop, and by which he supplied his family with butcher's meat. There was also a plea of inadequacy of price, etc.

The plaintiff filed exceptions to the answer, which were overruled. There was a trial, verdict and judgment for defendant, and the plaintiff appealed.

The exceptions filed to the answer were general and special. The points of the special exceptions were that the facts alleged in the answer are contradictory and ambiguous, in that they do not show whether the lot in suit is claimed as a residence or as a business homestead, and that, therefore, the plaintiff is not notified upon what ground defendant bases his homestead rights. Also, a general exception to the legal sufficiency of the defense set forth as to the inadequacy of price paid for the lot by the plaintiff at the constable's sale of the property.

The errors assigned are as follows, viz.:

1. The court erred in overruling plaintiff's exceptions to defendant's first amended original answer.

2. The verdict of the jury is palpably against the law and in open violation of the charge of the court, and shows a reckless disregard of the instructions of the court as to the law of the case; for that the jury were instructed, in effect, that they should find for the plaintiff unless the defenses set out by defendant should defeat his recovery; and they were further instructed, in effect, that these, under the evidence introduced, were insufficient in law to defeat plaintiff's recovery; that is, that the law arising on the state of facts disclosed by the evidence was against defendant.

3. The verdict of the jury is clearly against the law and evidence, and without any evidence whatsoever to support it; for that the evidence disclosed without any conflict and beyond a doubt that plaintiff had title to the land in controversy by virtue of a judgment, execution, levy, sale and constable's deed, all of which were regular and valid, the property so sold to plaintiff having been levied on July 10, 1883, under said execution, as the property of defendant, and at that date defendant had never occupied said property as a home, and if he had at any time such intention, which is doubtful, there was no evidence that this intention was coupled with any such act of preparation as would reasonably give notice of such intention; and the evidence further showed, without conflict or question, that at date of said levy defendant was doing business at another place and on other property, and not on the property in controversy; and there was not before the jury a single fact proven showing any homestead rights in the property in controversy.

4. The verdict of the jury is clearly against the evidence, and without any evidence to support it; for that if said property sold for a grossly inadequate price, there was no irregularity or other circumstance shown in evidence at-

tending said sale calculating to prevent said property from bringing something like its value.

5. The court erred in overruling plaintiff's motion for a new trial for the reasons stated in the second, third and fourth assignments above, as well as on the grounds stated in said motion; that the court erred in overruling plaintiff's motion for a new trial, because the jury returned a verdict clearly against the law and the evidence, and in strict accordance with the most overwhelming prejudice; for that the foreman of the jury had already sworn, before he went into the jury box, that he would shoot a man from behind a log that would take property from him as plaintiff is endeavoring to do in this case.

OPINION.— The answer setting up the homestead exemption is not subject to a general exception to its sufficiency. The averments which are necessary to show a homestead right are direct and comprehensive, and they fully meet the requirements of the law to show the exemption which the answer claims. Nor is it obnoxious to the special exception that is urged. It is sufficient if the answer shows that the premises constituted a homestead of either of the two species provided for in the constitution, viz.: either the domestic or residence homestead, or a homestead made such by its use and dedication as a place of business. The answer claims it as the defendant's homestead and place of business. The defendant alleged that at the time of the levy on the property he was using and enjoying it with his family both "as his homestead and place of business;" that he was at the same time claiming it as such — as his homestead and place of business. Of course, in the nature and construction of the subject, it was susceptible of being both his family residence or domestic home, and at the same time his place of business. His answer, indeed, negatives the idea of his having any other residence homestead — alleging, as it does, that he is residing on property which he does not own.

The answer, however, proceeds to allege, in effect, that he has been using the premises in dispute in a way consistent with the adoption of them as a home, and that he has thus used them in connection with the domestic life and affairs of himself and his family, notwithstanding that he was not actually residing on said premises.

The constitution (sec. 51, art. 16) in terms provides "that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired." Therefore, if the homestead character had otherwise been impressed upon the property, the fact that he was living on another's property while renting his own would not necessarily affect the question, if the premises were "used for the purpose of a home, or as a place to exercise the calling or business of the head of a family (Const., sec. 15, art. 16), and, *a fortiori*, if used for both, it would constitute the defendant's homestead."

The special exception to the answer setting up the homestead exemption was properly overruled, and so, too, was that to the answer alleging inadequacy of price arising from irregularities of the proceedings under execution. Kauffman & Runge v. Morris, 60 Tex., 119; Allen v. Pierson, id., 604; Atchison v. Owen, 58 Tex., 616; Chamblee v. Tarbox, 27 Tex., 140; Allen v. Stephens, 18 Tex., 658; Pearson v. Flannegan, 52 Tex., 266; Taul v. Wright, 45 Tex., 394. And see, also, Pearson v. Hudson, id., where the doctrine relied on in the answer was applied to an irregularity of the same kind as that specified in this answer, the difference in the cases being that in Pearson v. Hudson the plaintiff in execution bid off the property.

The difference between the case where plaintiff in execution, or his attorney, becomes the purchaser, and where it is a stranger who does so, induces the application of a rule different as to the one and the other, so far as concerns the consequence of the irregularities in the proceeding merely. See Freeman on Executions, sec. 340. But where gross and palpable inadequacy of price concurs with such irregu-

larities, the rule applies to both alike, if the inadequacy can be connected with the irregularity. Freeman on Executions, and authorities there cited.

The second assigned error is objected to by the appellant as being too general and indefinite, and because it is not a legal proposition. This objection is well founded. As presented, this assignment of error is but an argumentative construction which the appellant places upon the action of the jury under his deductions from the whole evidence under the charge given by the cause applicable to the defense of homestead exemption. It does not specify any particular departure by the jury from following the instructions of the court in its application to any special point involved on the subjects charged on by the court. Rule 24 for the Supreme Court.

The third assigned error, however, sufficiently presents the merits of the question arrived at in the second ground of assigned error, for all purposes. It presents for consideration certain facts shown by the evidence which afford a decisive test as to the verdict which ought to have been rendered. We are of opinion that giving to the defendant's evidence the benefit of the most favorable implications fairly and reasonably deducible from it, two important facts result, which, taken together, are fatal to the maintenance of his homestead claim. The first of these is, that beyond controversy it had long before the date of the levy, by the defendant's voluntary act of abandoning it as such, ceased to be his place of business, and that it had not, up to the time of his abandoning it as such place of business, been claimed, or had any pretensions to be considered, as defendant's residence or domestic homestead. The next fact that is shown with almost equal conclusiveness is that, after he had thus abandoned it as a business homestead, no act clearly manifesting an intention by preparation to occupy, or by actual occupancy of, the premises as a homestead was done by the defendant up to the time of its sale under execution. If the property had ever previously been

invested with the attributes of a homestead, it had been stripped of them, and was not afterward rehabilitated with them.

The cases which have determined in our supreme court the constituent elements which give by incipient and initiatory acts of one who may intend to designate, or who does not actually so designate, a place as his homestead, are comparatively numerous, and are too well known and understood to render it necessary to review, discuss, or even to quote from them — a citation of them might, perhaps, even be pretermitted. Franklin v. Coffee, 18 Tex., 415; H. & G. N. R. R. v. Winter, 44 Tex., 605; Brooks v. Chatham, 57 Tex., 33; Anderson v. McKay, 30 Tex., 190; Moreland v. Barnhart, 44 Tex., 280; Barnes v. White, 53 Tex., 628.

Applying the familiar and oft-quoted rules pertaining to the subject under consideration to the facts of the case, we are of opinion that the mere general intention of both the defendant and his wife, how long soever previously it had been entertained, at some uncertain and indefinite period in the future to make the property in dispute their homestead, cannot avail to give it that effect, unless it was connected with such acts of preparation to do so and to carry out that intention and direct it toward a mature consummation. The intention to presently make it their homestead must be illustrated by acts showing an actual designation of it as a homestead; and acts of preparation to do so have been held in many instances quite sufficient and equivalent in their legal effects to the consummation of the intention by actual occupancy.

The evidence shows that the defendant made use of the premises in certain ways for his convenience in storing away and keeping various articles of domestic and household and of business utility to himself. Also, he used the proceeds of the rent of it to obtain meat for his family use. The evidence does not indicate that such uses were connected with any intention that was identified or associated with making it his home, but rather that he used it thus as

he might have used any other building owned or controlled by him as a mere place for deposit of surplus articles for his convenience, and for ordinary income or profit from rent as from any other house he might have owned. Effinger v. Oates, 61 Tex., 591. The law does not presume a house owned, but not used or occupied as a residence, to be the homestead; the burden was upon him to show by evidence reasonably clear and satisfactory that notwithstanding his non-occupancy of it as a home, or as a place of business, that it was nevertheless his homestead by reason of his intention to make it so, connected with acts indicating an appropriation and designation of it as such. McDonald v. Campbell, 57 Tex., 614.

Appellee's counsel cites Scott v. Dyer, 60 Tex., 135, to support defendant's homestead claim. That case presented the single question whether a lot which had formed part of the homestead, and had been reserved for a homestead in the deed conveying the other part of the lot, had been lost as a homestead by reason of removing away for a year or more without performing any act indicating preparation to again use it as a homestead. It was held that it having been impressed with homestead character it continued so until abandoned or another home acquired. It does not apply to a case like this.

Whether the jury found their verdict on the homestead issue, or upon that of inadequacy of price, we cannot determine from the record, as the finding was a general verdict simply for the defendant, and as, under the charge given by the court on the latter issue, as applied to the evidence, it may well be questioned whether the jury found their verdict upon it, but probably did so on the homestead issue, we do not think it proper to affirm the judgment simply because it may be our opinion that the verdict would be sustained under a correct charge on the issue of inadequacy of price. The charge on that subject was, we think, correct so far as the leading proposition in it was concerned, to the effect that if the inadequacy of price was

palpably and grossly disproportioned to the value of the property, irregularities that in their nature were calculated to prevent the property from bringing something like its value would entitle the defendant to a verdict. But the court qualified this proposition in various ways, which we think the law of the case did not require nor warrant, and under those qualifications we may well doubt whether the jury could, if they followed the instructions given, have found for the defendant on that issue. If it were clear to us that the jury found for the defendant on any issue that was involved in the case, if there was neither a fundamental error nor any assigned error that would reverse the judgment, it would be affirmed, and the finding of the jury would be referred to any one of the issues under which it was apparent that the verdict could be properly sustained. We shall not enter upon a discussion of the features referred to in the charge on the subject of the inadequacy of price deemed by us objectionable, as the charge given on that subject is not presented to us for decision under any assigned error, and for the further reason that we deem it unnecessary to do so in view of the elementary character of the law governing the subject and the many decisions of our supreme court applicable to the whole question.

On another trial a charge on the subject free from objection will doubtless be given, and allusion has been made to the matter incidentally merely, and for the purpose of showing the propriety of reversing the judgment in a case where the verdict may have been rendered correctly on one of the issues, and where, on another issue, it was not supported by the evidence.

REVERSED AND REMANDED.