ANDREA LOUISA FRETELLIERE v. GEO. F. HINDES ET AL.

(Case No. 4011.)

1. PAROL EVIDENCE — TRUST.— Parol evidence is admissible to show that a title, acquired by a vendor with warranty after the ouster of his vendee, was acquired in trust for a third party.

2. TRUST — WARRANTY.— The title having been so taken in trust for a third party, the rule that title subsequently acquired by a vendor, who has conveyed land by deed with general warranty, inures to the benefit of his vendee, has no application.

3. INDEPENDENT EXECUTOR — POWER OF — GUARDIAN.— An independent executor and testamentary guardian has authority to settle the claim of the estate, or of his ward, against the vendor, for the breach of warranty.

ON MOTION FOR REHEARING.

4. PRACTICE IN SUPREME COURT — ASSIGNMENT OF ERRORS.— A question not raised by the assignment of errors, and not directly made in the briefs of appellant on the original hearing, will not be considered.

APPEAL from Bexar. Tried below before John H. James, Esq., special judge, selected by the parties.

Suit by Andrea Louisa Fretelliere, claiming as sole devisee under the will of F. F. Michaud, deceased, against Geo. F. Hindes and wife, for a lot in the city of San Antonio, joining as defendants John Vance and wife, who had conveyed to Michaud by deed with warranty, and seeking, in the event of the failure of her claim to the lot, to recover back the purchase money and interest. The pleadings of defendants raised the issues passed upon by the court.

The conveyance with warranty, in 1854, by Vance and wife to Michaud, for the consideration of $1,500; the will of Michaud devising his estate to the plaintiff, and making her father, August Fretelliere, the independent executor of his will and testamentary guardian of the estate of his daughter; the will providing that he should not " be required to render any account as such executor or guardian by the said Louisa;" the recovery of the lot by the heirs of Duffield, and the subsequent conveyance by those heirs to Vance, were facts not contested. Defendants also produced an instrument executed by August Fretelliere as executor and guardian, acknowledging the receipt from Vance of $1,500, and in consideration thereof releasing him from liability on his warranty.

The defendants also proved, by Brackenridge and others, that Brackenridge furnished the $1,500 to settle with Fretelliere, also the $3,100 paid to the Duffield heirs for their title; the agreement being that Vance was to convey the lot to him, he having agreed with

Vance to purchase it at $4,000. This evidence was objected to, on the ground that parol evidence was inadmissible to contradict the deeds. The deed from Vance to Brackenridge was dated some months subsequent to the conveyance from the Duffield heirs to him. Brackenridge subsequently conveyed to Michaud and wife.

The case was tried without a jury. The court found that the deed from the Duffield heirs to Vance was made to him as trustee for Brackenridge; also that Vance's liability on his warranty had been released. Judgment having been rendered in favor of defendants, the plaintiff appealed, assigning no other errors than the rulings of the court on questions of evidence, and that the judgment " is not supported by the facts."

*J. M. Eckford,* for appellant, cited 37 Tex., 673; 1 Greenl. on Ev., secs. 275, 276, 277 and 278.

*John Ireland,* also for appellant, on motion for rehearing, contended that the payment of the $1,500 would not under the facts discharge the warranty. He made this proposition: Where there is no dispute on questions about the amount due, a payment of a less sum than the whole will not bar an action for the remainder, although a receipt in full be given.

*Waelder & Upson,* for Geo. F. and Caroline Hindes.

No brief was filed for Vance and wife.

Stayton, Associate Justice.— That parol evidence is admissible to prove that a deed, absolute upon its face, was executed upon trusts not reduced to writing, and to prove a resulting trust, is not an open question in this court. Mead *v.* Randolph, 8 Tex., 191; Miller *v.* Thatcher, 9 Tex., 482; McClenny *v.* Floyd, 10 Tex., 159; Grooms *v.* Rust, 27 Tex., 231.

The general rule is that title subsequently acquired by a vendor, who has conveyed land by deed with general warranty, inures to the benefit of his vendee; but under the facts of this case the rule has no application.

The conveyance which John Vance took to the property from Mrs. Younge and Mrs. Gillum vested in him the naked legal title to the property in trust for John F. Brackenridge, with whose money and for whose benefit he made the purchase.

Vance held the legal title in trust for Brackenridge until he made

the deed to him, and if Vance had not made satisfaction for his breach of warranty to Michaud, appellant could not have any higher or greater right than Vance himself had (Burchard v. Hubbard, 11 Ohio, 332); but it appears that Vance had made full satisfaction to Fretelliere, who was the independent executor of the will of Michaud, and also the testamentary guardian of appellant, for the breach of warranty of his deed to Michaud.

The authority of Fretelliere to make the settlement with Vance, which he did make, cannot be questioned. If August Fretelliere, the executor of the will of Michaud, and testamentary guardian of appellant, has not paid to her the money received from Vance in settlement of his broken warranty, she has her remedy against him.

The judgment of the district court is affirmed.

AFFIRMED.

[Opinion delivered June 23, 1882.]

### ON MOTION FOR REHEARING.

STAYTON, ASSOCIATE JUSTICE.— The motion for rehearing in this cause is based upon the ground that the court below erred in not giving judgment against John Vance for the full amount of the principal and interest of the sum paid to Vance by Michaud, less the sum of $1,500 paid by Vance to Fretelliere, executor and guardian, in settlement of the breach of warranty; and this upon the ground that there was no consideration for the settlement between Vance and the executor and guardian.

This question does not seem to have been raised in the court below; no assignment of error raises it here, nor did brief of counsel directly present it when the cause was submitted, and whatever of merit there may be in the question, under the settled rules and decisions of the court, in the absence of an assignment of error raising the question, it cannot now be considered.

The motion for rehearing is overruled.

MOTION OVERRULED.