### BEMROD v. HEINZELMAN et ux.
### (No. 10639.)

(Court of Civil Appeals of Texas. Fort Worth. May 3, 1924. Rehearing Denied June 14, 1924.)

**1. Mortgages 38(2)—Quality of proof necessary to establish deed absolute as mortgage, stated.**

In order to establish a deed absolute as a mortgage, proof must be of such character as to satisfy the conscience of the court that the relief prayed for should be granted.

**2. Mortgages 38(1)—Evidence held to establish deed absolute as mortgage.**

Evidence *held* sufficient to support finding that deed absolute was intended as mortgage.

**3. Mortgages 32(5)—Indebtedness shown as basis for claim deed absolute intended as mortgage.**

In order to establish a deed absolute as mortgage it is incumbent on grantors therein to show indebtedness owing to grantee at time or thereafter though evidence of such indebtedness need not be in any particular form, and an agreement by grantee to assume obligations of grantors constituting lien on the land was sufficient to serve as basis therefor.

**4. Mortgages 608½—Tender of amount of alleged debt not prerequisite to defense that deed absolute intended as mortgage.**

In action of trespass to try title where defendants alleged the deed on which plaintiff relied was intended as a mortgage, a tender by them of the amount of the debt secured *held* not a prerequisite to their right to urge such defense.

**5. Subrogation 23(2)—Grantee in deed intended as mortgage as security for liens paid, held entitled to foreclose under doctrine of subrogation.**

In action of trespass to try title wherein defendants alleged that deed relied upon by plaintiff was intended merely as security for funds advanced by him to pay debt constituting lien on land, plaintiff *held* entitled under doctrine of subrogation to establish and foreclose such lien after determination that deed was mortgage.

Appeal from District Court, Clay County; H. R. Wilson, Judge.

Action by J. P. Bemrod against Peter Heinzelman and wife. Judgment for defendants, and plaintiff appeals. Affirmed and remanded.

Wantland, Dickey & Glasgow, of Henrietta, and Carrigan, Montgomery, Britain,

Morgan & King, of Wichita Falls, for appellant.

Stine & Stine, of Henrietta, for appellees.

DUNKLIN, J. J. P. Bemrod instituted this suit in trespass to try title to recover a tract of 51 acres of land from defendants Peter Heinzelman and wife, Johanna Heinzelman. In their answer, the defendants alleged that they had theretofore executed to plaintiff an instrument in writing purporting to be a deed of conveyance of title to the property sued for, but that the instrument was executed with the understanding and intention of the parties thereto that the same should operate only as a mortgage to secure plaintiff for the money which he then agreed to advance to take up an outstanding lien note against the land upon which the holder was then threatening foreclosure proceedings, and that it was never intended or understood between the parties that the instrument so executed by the defendants should have the effect to pass title to the property.

As a further defense, it was alleged that at the time the instrument was executed the property in controversy belonged to the separate estate of the defendant Johanna Heinzelman and was at that time the homestead of the defendants and had ever since remained such, and that by reason of those facts the purported deed was null and void.

The defendants further alleged that they executed the instrument in reliance upon plaintiff's representation and assurance that the same was only a security for debt, and not a transfer of title, and, further, that the notary taking the acknowledgment of Johanna Heinzelman did not take the same privily and apart from her husband, and did not explain to her that the same purported to be a deed of conveyance of title instead of a mortgage; that plaintiff was present at the time and knew of the failure of the notary to so explain the instrument to her, and that when she executed it she was totally blind and could not and did not read the instrument.

From a judgment in favor of the defendants, the plaintiff has appealed.

Following are the issues submitted to the jury with their findings thereon:

"Issue No. 1. At the time of the signing of the deed in question, or prior to that time, did the plaintiff and the defendants agree and understand that such instrument should be a deed conveying the land described therein? Ans. No.

"Issue No. 2. If you answer the foregoing issue yes you need not answer this, but if your answer is no, then answer this issue: At the time of the signing of the instrument in question, or prior to such time, was it agreed and understood by and between plaintiff and defendants that such instrument was to be an instrument to secure a debt? Ans. Yes.

"Issue No. 3. If you answer the foregoing

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

issue no, you need not answer this; if your answer to the same is yes, now answer what debt or obligation Mr. and Mrs. Heinzelman owed to Bemrod that such instrument was given to secure? Ans. To cover outstanding lien on land.

"Issue No. 4. At the time the deed in evidence was executed and delivered was there or not an agreement between Bemrod and defendants, Mr. and Mrs. Heinzelman, to the effect that Heinzelman and wife should sell and convey the land to Bemrod and that as a consideration therefor Bemrod should assume the debts and taxes against the land and execute a note to Heinzelman and wife for the balance of the purchase price at the rate of $30 per acre. Ans. No."

The deed, upon which plaintiff's cause of action was based and which is referred to in the findings of the jury, was in form a conveyance of the property in controversy with warranty of title, executed by the two defendants in favor of the plaintiff, dated April 18, 1917, and recited as a consideration the execution and delivery to the grantors by the grantee of one vendor's lien note for the sum of $988.10, bearing even date with the instrument of conveyance, drawing interest at the rate of 10 per cent. per annum from date until paid, and maturing April 14, 1918; also the assumption by the grantee of a promissory note for $450, secured by a lien on the land as shown by the deed records and held by the National Bank of Commerce of Wichita Falls as assignee; also the assumption by the grantee of the accrued interest on said last-named note of $61, and the further assumption of delinquent taxes due on the land in the sum of $36.88. The deed further recited that the total consideration amounted to $1,530. There was a further recital binding the grantors to pay all expenses to be incurred by the grantee to secure a clear and perfect title to the land, free of all real or apparent liens or clouds on the title, and of procuring an abstract of title to date, the expenses to be so incurred by the grantee to be credited on the purchase-money note executed by the grantee to the grantors in the sum of $988.10, mentioned above. The deed further recited that a vendor's lien was retained upon the property to secure the payment of the note last mentioned. Attached to the deed was the certificate of a notary public who took the acknowledgment of the grantors, which is in the required statutory form, made necessary to bind the husband and wife by a deed to the homestead or separate property of the wife. It was stated in the certificate of acknowledgment that Johanna Heinzelman was examined by the notary privily and apart from her husband and that, after the instrument had been fully explained to her by the notary, she acknowledged the instrument to be her act and deed and declared that she had willingly signed the same for the purpose and considerations therein expressed,

and that she did not wish to retract. The certificate of acknowledgment bears the same date as that of the deed.

Appellant urgently insists that the evidence introduced by the appellees, which consists principally of the testimony of the defendants themselves, was too indefinite and wholly insufficient to support the findings by the jury that the instrument in question was executed with the understanding and agreement between the parties thereto that the same should not have the effect of a conveyance of title, but that it should operate only as a mortgage lien. It is further insisted, in effect, that the evidence of the defendants failed to show any agreement or understanding between the parties that the defendants should owe the plaintiff any sum of money from and after the deed was executed, and to secure which the instrument was executed and delivered.

As reflected in the record, it appears that the defendants were old German people; that they had such a poor understanding of the English language as to require the services of an interpreter while they were on the witness stand giving their testimony; that the plaintiff had been their friend to whom they looked for assistance and advice in time of financial trouble; that defendant Mrs. Johanna Heinzelman was totally blind; that the property in controversy belonged to the separate estate of Mrs. Heinzelman; that defendants had occupied and lived on the property as their homestead for several years, and that at the time of the execution of the instrument and immediately prior thereto they had been troubled through fear of losing the land by foreclosure of the outstanding debt against it, which, according to the recital in the deed, plaintiff Bemrod agreed to assume as a part of the consideration for the land.

Appellant cites such cases as Calhoun v. Lumpkin, 60 Tex. 185; Moreland v. Barnhart, 44 Tex. 275; Miller v. Yturria, 69 Tex. 549, 7 S. W. 206, in support of the proposition that in order to establish that an absolute deed is intended as a mortgage that fact must be established with clearness and certainty; also such cases as Alstin v. Cundiff, 52 Tex. 453, and Calhoun v. Lumpkin, supra, in support of their further contention that in order to hold that the instrument was a mortgage it was necessary for the defendants to show that they were indebted to the plaintiff at the time the instrument was executed, and that the same was given to secure the payment of that debt or that as a necessary result of the transaction the defendant became indebted to plaintiff for the amount of the then outstanding lien against the land as soon as he paid off and discharged that obligation, and that it was understood between the parties that the instrument would operate as a lien to secure the plaintiff for the money to be so advanced.

In the case of Pierce v. Fort, 60 Tex. 464, the issue was whether or not a deed was intended and understood to be merely a mortgage to secure a debt, and in that case the following was said:

"But as to the quantity and character of the proof necessary to show that the deed was a mortgage, the court instructed the jury as follows: 'I furthermore charge you that the law will not warrant you in finding the deed a mortgage, unless the fact that it was intended to be such be proven by at least two witnesses, or by one witness and strong corroborating circumstances.'

"This was error. In support of it counsel * * * refers us to the case of Moreland v. Barnhart, 44 Tex. 275. In that case, Mr. Justice Reeves (on page 283) remarks as follows: 'That a deed absolute on its face may be shown by parol to be intended as a trust, has been often decided by this court. The trust must be shown with clearness and certainty, and in some of the cases it has been held that it must be shown by the testimony of more than one witness, unless his testimony be confirmed by corroborating circumstances.'

"He cites a number of cases from our reports, and among them Miller v. Thatcher, 9 Tex. 482, in which the technical rule is laid down as it was given by the judge below in the trial of the present cause.

"But in the later case of Gaines v. Exchange Bank, decided at Austin, 1882 (1 Law Reporter, p. 477), it was held that this technical rule was applicable only to cases in which it was sought to establish the trust by proving the declarations of a deceased trustee, or where the trustee was testifying to the trust in his own interest."

That announcement has been followed with approval in the following decisions: American Freehold Land Mtg. Co. v. Pace, 23 Tex. Civ. App. 222, 56 S. W. 377, writ of error refused; Allen v. Williams (Tex. Civ. App.) 218 S. W. 135, writ of error dismissed for want of jurisdiction; Graves v. Graves (Tex. Civ. App.) 232 S. W. 543, writ of error refused; Hall v. Hall (Tex. Civ. App.) 198 S. W. 636 (writ of error refused), and other decisions there cited.

[1] As we construe those decisions, the rule governing in the trial court of the issue whether or not a deed was intended as a mortgage to secure a debt owing by the grantor, and not a conveyance of title, is that the proof offered to sustain the contention that it was a mortgage should be of such a character as to satisfy the conscience of the court that the relief prayed for should be granted, and that if it meets that test it is sufficient.

[2] In the present suit the defendants had the right to a trial of that issue by a jury. After hearing the witnesses from the witness stand, where their manner and appearance was observed, the jury found the issue very specifically and in effect more than once in favor of the defendants, and their findings were approved by the trial judge, who likewise heard the witnesses testify. And while the testimony of the defendants was somewhat vague and indefinite in some instances, and contradictory in others, and while that part which supports the verdict was flatly controverted by other evidence of a very cogent nature offered by plaintiff, which we deem it unnecessary to here set out, we do not feel that we can say that the verdict was without sufficient support in the evidence, as a matter of law, especially in view of the further fact that after the execution of the instrument defendants continued in possession of the land and no legal steps were taken by plaintiff to oust them until this suit was filed.

[3] It is true, as is insisted by appellant, that in order for defendants to sustain their contention that the deed was not a conveyance of title, as it purports to be, but merely a mortgage, it was incumbent upon them to show an indebtedness owing by them to the plaintiff at the time or thereafter, arising under and by virtue of the contract or agreement then made, and to secure which the instrument was executed. Calhoun v. Lumpkin, 60 Tex. 185; Goodbar v. Bloom, 43 Tex. Civ. App. 434, 96 S. W. 657. But it is not necessary that the evidence of such indebtedness should be in any particular form. It is sufficient that the proof show that the instrument was executed under and by virtue of an agreement between the parties thereto, which created an obligation on the part of the grantors to pay the grantee a debt to secure which the instrument was executed. According to testimony of the defendants in the present suit, plaintiff offered to pay off the outstanding indebtedness against the land if the defendants would give him a deed of trust on the property to secure him for the money to be so advanced, and the deed was executed for that purpose and with that understanding. Plaintiff had not paid the lien, and therefore defendants did not then owe him any debt, as testified to by Peter Heinzelman, but under and by virtue of the alleged agreement they became indebted to him as soon as he did pay off the lien. We think the obligation of the plaintiff to the defendants, thus arising, was sufficient to serve as a basis for the contention that the instrument was intended as a mortgage. 27 Cyc. p. 1008.

[4] The proof showed beyond controversy that the land was a homestead of the defendants at the time the instrument was executed. Apparently the outstanding obligation against the land, which was afterwards paid by Bemrod, was recognized by the defendants as a valid lien, even as against the homestead. But that lien had never been foreclosed by suit. Plaintiff has never recognized it as a lien after he paid the debt. If it had been foreclosed and the property sold to the highest bidder, defendants might have realized something for their equity over and above the debt. At all events, plaintiff could

not take over the property without a fore-closure. Under such circumstances, we do not believe that it was incumbent upon the defendants to tender the amount of the debt in order for them to urge in defense of plaintiff's suit to recover title that the instrument was intended merely as a security for debt, although they did testify without objection upon the part of the plaintiff that they had offered to pay plaintiff all they owed him, which offer was declined.

[5] For the reasons indicated, the judgment of the trial court denying plaintiff a recovery of title to the property in controversy is affirmed, but the cause is remanded in order to give the plaintiff an opportunity to establish and foreclose a lien on the land under the equity doctrine of subrogation, for the debts, which he paid off and discharged, and which were secured by valid liens on the property prior to the time the instrument in controversy was executed.

### On Motion for Rehearing.

In remanding the case to the trial court, on original hearing, we did not intend to hold that appellant will, on another trial, be precluded from suing the appellees to recover for any moneys he may have paid them as testified to upon the former trial, nor that he will be precluded from asserting and fore-closing a lien to secure the same. On the contrary, we will now say that the cause is remanded in order to give the plaintiff an opportunity to recover for any moneys paid by him to the appellees or paid out to discharge outstanding liens against the property in controversy and to establish and foreclose any lien to secure any money so paid out which may be properly established. The judgment we have rendered relates solely to the issue of title.

With that correction made, the motion for rehearing is overruled.