## MOORE et ux. v. GLASSCOCK et al.
### No. 2699.

Court of Civil Appeals of Texas. Eastland.
Dec. 17, 1948.

Motion for Rehearing Granted in Part and
Overruled in Part Feb. 4, 1949.

Wilkinson & Griffin, of Brownwood, and John T. Nicholson, of Comanche, for appellants.

Mark Callaway, of Comanche, for appellees.

GRAY, Justice.

Milletta Glasscock, joined pro forma by her husband, sued S. A. Moore and wife, Ella Moore, in the District Court of Comanche County, Texas, in trespass to try title to 18 acres of land. The defendants pleaded by way of defense, general denial, plea of not guilty and specifically, (a) that the deed on which plaintiff relied was not intended as an absolute conveyance but a mortgage; (b) that defendants had made valuable improvements in good faith; (c) and limitation of three, five and ten years. At the conclusion of all the evidence, the trial court, apparently on his own motion, instructed the jury to find for the plaintiff. Plaintiff relied on a deed introduced in evidence and on testimony of herself to make her case. Defendants timely filed their objections and exception to the charge of the court, and also filed a motion for new trial, all of which were overruled. Defendants have appealed.

The record shows that defendants, appellants here, acquired 80 acres of land, of which said 18 acres was a part, in 1906. They have continuously lived on said land as their homestead to the present time.

They reared a family of several sons and daughters. In 1933, while the depression was acute, there was a vendor's lien indebtedness of approximately $500 against said 80 acres of land. The holder of the notes and lien was pressing for payment and the defendants were not able to pay. A family conference was had to consider ways and means to prevent a foreclosure. Only one of the children, a doctor, was so situated as to render any financial assistance. He volunteered to assume payment of the indebtedness, which the holder of the notes agreed might be paid in installments of $25 per month. Said son was a tubercular, but despite his illness, he eventually paid off the entire debt, except three payments aggregating $75 which were paid by Mr. and Mrs. S. A. Moore. The release was to the defendants, appellants, and delivered to them.

Plaintiff, Milletta Glasscock, was formerly the wife of D. F. N. Moore, who assumed payment of said indebtedness, and was his wife at the time Dr. Moore assumed the debt. Dr. Moore died in 1939, and plaintiff subsequently married Mr. Glasscock, her present husband. They live in Austin. The undisputed evidence was to the effect that she and Dr. Moore frequently visited his parents at their present home, and after his death and her marriage to Mr. Glasscock, she continued such visits, and Mr. and Mrs. Moore visited plaintiff and Dr. Moore at Austin. It was agreed that plaintiff accompanied Dr. Moore on the visit to his parents on the occasion when he assumed payment of said indebtedness. The defendants and their surviving children testified at length as to the circumstances and understanding of the parties as to the purpose for which defendants executed and delivered to Dr. F. N. Moore, what on its face, was a general warranty deed to the 18 acres here involved.

The defensive testimony was all to the effect that defendants suggested making the deed to Dr. Moore, who objected on the ground that his assumption of said indebtedness was purely voluntary; that he was indebted to defendants, his parents, in many times the amount of the debt he was assuming because of their financial assistance to

him in acquiring his medical education, and that he did not desire that defendants repay him in this matter. But his parents insisted on repaying him and making said deed so that he would have same as security and, if defendants died before full repayment, he would have evidence to show the other children upon settlement of the estate, that he had advanced money to discharge said indebtedness against said 80 acres of land, thus entitling him to be reimbursed for what he had paid out. A few days afterward, defendants went to Comanche, had the deed prepared, executed same, delivered it to Dr. Moore, and insisted that it be placed of record. Appellants did not get the advice of a lawyer, but testified that they understood that security for the debt could be afforded by the deed, and that such was their purpose in executing it.

The testimony further showed that said 18 acre tract was rendered for taxes each year subsequent to 1933 by defendant S. A. Moore; that he paid all taxes assessed against same and that neither Dr. F. N. Moore nor plaintiff, Mrs. Glasscock, had ever paid or offered to pay any taxes on same. It was further in evidence that neither Dr. F. N. Moore nor plaintiff had ever made any claim to the title or possession of said tract of land from 1933, date of said deed, to 1948, when this suit was filed; that defendant S. A. Moore had rented said tract of land to his sons and others through said intervening years and all such rentals were paid to defendants, no demand having been made at any time by Dr. Moore or plaintiff that said rentals be paid to them. It was also in evidence that when Dr. Moore and plaintiff made visits to defendants, they would in season take home a supply of fruits from said orchard, but always insisted on paying for same. There was no evidence that either Dr. Moore or plaintiff ever at any time offered to repay the $75 which defendant S. A. Moore paid on said vendor's lien indebtedness.

On the plea as to improvements made in good faith on said 18 acres, Seth Moore, son and witness for defendants, testified that his father had put out more than 300 fruit trees; had put hog wire fence with cedar posts around the tract; that his

father had the land terraced and made other improvements, all of which he estimated to have cost $2,000. Seth Moore's testimony as to improvements made was corroborated by other members of the family, except there was some difference in estimates as to total cost.

Appellants assign as error the action of the trial court in directing a jury verdict for plaintiff, which is the controlling and only material issue in the appeal. Plaintiff leveled some exceptions against the defensive pleadings, but the record does not show any ruling thereon by the trial court. Had said exceptions, or any of them, been sustained, defendants could have amended their pleadings. We express no opinion as to such exceptions other than to say that we think said defensive pleadings and the evidence was sufficient to raise issues of fact as to whether said deed was intended as a mortgage, whether valuable improvements were made in good faith on said 18 acre tract of land, and as to three, five and ten years' limitation. See Bemrod v. Heinzelman, Tex.Civ.App., 263 S.W. 951; 29 Tex.Jur. p. 799; Shell Oil Co. v. Howth, 138 Tex. 357, 159 S.W.2d 483, 493; Young v. Blain, Tex.Com.App., 245 S.W. 65; Watson v. Toler, Tex.Civ.App., 153 S.W.2d 506; Harrison v. Hogue, Tex.Civ.App., 136 S.W. 118.

We shall briefly notice some of the authorities cited by appellee. Grinnan et al. v. Dean, 62 Tex. 218, was a trespass to try title case in which the defendants pleaded estoppel. The court held there was no evidence to raise such issue and instructed a verdict for plaintiff. Estoppel is not in this case and the cited case has no controlling effect here. However, we agree that said decision was correct under the issue there presented. In Brannon et al. v. Gartman, Tex.Com.App., 288 S.W. 817, expressly approved by the Supreme Court, the trial court, upon jury findings, rendered judgment for the defendants. The Court of Civil Appeals reversed and rendered the case in favor of plaintiffs, holding that the deed involved showed a conditional sale and not a mortgage. 270 S.W. 255. The Commission of Appeals held that failure of the trial court to submit the vital question as to whether said deed was intended as a mortgage was error and both District Court and Court of Civil Appeals were reversed and the cause remanded. A careful reading discloses that said case sustains rather than condemns the contentions of appellants here. Coca-Cola Bottling Co. of Fort Worth v. Burgess, Tex.Civ.App., 195 S.W. 2d 379, likewise sustains appellants' contention that the trial court erred in instructing a verdict in this case. A number of tests prescribed governing the question of instructed verdicts are discussed in said case with citation of authorities. Under the pleadings and the evidence in this case, and under the holdings and authorities in said Coca-Cola case, it is very apparent that questions of fact were raised which should have been submitted to the jury.

In support of the judgment herein rendered, appellee cites the case of Johnson v. Black, Tex.Civ.App., 197 S.W.2d 523, by this court. Our holding in this appeal is not in conflict with our holding in the Johnson v. Black case. In said cited case, plaintiff Black sued his daughter, Mrs. Johnson, for cancellation of a deed executed and delivered by Black and wife, conveying to her an undivided one-half interest in 703 acres of land. The petition alleged false and fraudulent representations and promises to reconvey said interest as inducements for the execution of the deed. Plaintiff also alleged a constructive trust in such undivided one-half interest in favor of grantors. Said deed was a general warranty deed on its face, and no issue was raised as to whether same was intended as a mortgage. In said Black case, the issue was whether the deed was an absolute conveyance or a conditional sale. Here the issue is whether the deed was absolute or intended as a mortgage. Different rules of law apply. In conditional sales, there must be a definite agreement as to time and amount of repayment, while in case of a deed claimed to be a mortgage, the relation of creditor and debtor is created and failure to specify such definite terms is not fatal. The law presumes that payment shall be made within a reasonable time. Brannon v. Gartman, Tex.Com.App., 288 S.W. 817; 10 Tex.Jur. p. 413, Sec. 237.

Adverting again to the alleged insufficiency · of the defensive pleadings, it may be observed that had all of plaintiff's exceptions thereto been sustained, defendants' pleas of general denial and not guilty were sufficient to put in issue every defense, except that of limitation and improvements made in good faith. The burden was still upon plaintiff to prove her case. Under said pleas, defendants were entitled to prove, if they could, that said deed was intended as a mortgage. We may also note that defendants prepared and requested the submission of seven special issues which fairly and affirmatively presented their defenses, which requested special issues were refused. On another trial, the pleadings may be, if desired, amended and clarified.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

## On Motion For Rehearing.

## PER CURIAM.

Appellees contend in their motion for rehearing that the trial court was authorized to instruct a verdict because appellants failed to tender the amount of the debt due Dr. Moore. We do not agree with this contention. It is undisputed that the land involved was a part of the homestead of appellants and was such at the time of the execution of the deed to Dr. Moore. If the instrument was intended as a mortgage on appellants' homestead, it was void. This being true, it was not incumbent upon the appellants to tender the amount of the debt as a prerequisite to their right to urge that the deed was intended as a mortgage. Bemrod v. Heinzelman et ux., Tex.Civ.App., 263 S.W. 951; 22 Tex.Jur., page 161. Furthermore, the appellants retained possession of the land and never at any time surrendered possession thereof to Dr. Moore. The debt was barred by limitation. We think for this reason appellants could assert their defense that the deed was intended as a mortgage without offering to pay the debt. Citizens' Nat. Bank of Valliant, Okl., v. Stroud, Tex.Civ.App., 204 S.W.2d 1010 (and cases therein cited).

Upon a further consideration of this case, we are of the opinion that the issue of improvements in good faith is not in the case. Elam and Stewart v. Parkhill, 60 Tex. 581. There is no theory presented in the record under which the appellants could recover the value of improvements. If, as contended by the appellants, the deed was intended as a mortgage, or if, as contended by the appellee, the deed conveyed the title to Dr. Moore, the appellants in either case could not recover for the improvements made by them upon the land after the execution of the deed. That portion of the opinion holding that an issue of fact as to the improvements in good faith was raised by the evidence is hereby withdrawn.

We have carefully considered all other points raised in the motion for rehearing and it is our opinion that we made a correct disposition of this case and we adhere to the holdings made in our original opinion except in the respect above stated.

Motion for rehearing granted in part and overruled in part.