Hemphill, Cii. J.
The question in this case is whether tiie transaction between the parties was a conditional sale or mortgage. The bill of sale on its face is absolute. But a bond was given by the purchaser to reconvey on the payment of the purchase-money. Tiie instruments, taken together, constitute a conditional bill of sale, but tiie appellant contends that it was intended by the parties as a mortgage and as a security for tiie payment of money loaned. Parol evidence was introduced to show the real purpose and intention of the parties in tiie transaction. Tiie jury found for the defendant, and a motion for a new trial, on the ground that tiie verdict was contrary to tiie charge of the judge and to law and evidence, was overruled. It is assigned for error—
1st. That the court refused the charges or instructions asked by the plaintiff’s counsel to be given by tiie court to the jury.
2d. That the court erred in refusing to grant "a new trial to the plaintiff for the causes set out in the motion.
The first ground of error has alone been argued by the counsel for the appellant, and the points raised by the instructions asked have been, argued with a commendable degree of zeal and ability. But tiie difficulty to be encountered by the appellant, and it is insuperable, is, that the record furnishes positively no evidence that tiie instructions asked were refused, or in fact what or whether any disposition was made of them by tiie court.
There are five charges which the appellant in his brief contends that tiie judge erroneously refused to give, but none of these charges are marked in writing as being refused. We have held that the indorsement of tin* words “given ” or “refused,” or tiie annexing of them to the charge, will sufficiently show the disposition of the instruction, and subject the charge to revision for error. (Crook & Adriance v. McGrael, 3 Tex. R., 491.) It would perhaps be the betfe^practice if these were signed by tiie judge, as this seems to be contemplated by art. 754, Dig., and in fact is required where a charge or a portion thereof is refused and a portion given. But let this be as it may. there is no-evidence upon tiie record of either assent or refusal, or of any disposition of the charges by the court, and they must consequently be stricken from the record altogether.
Tiie question of tiie error in relation to the refusal of these charges being thus disposed of, the only remaining question is whether the verdict was contrary to tiie evidence.
*198 The evidence, i£ it did not preponderate in favor of the defendant, was at least conflicting. It is the province of the jury iu cases of conflict to decide upon the weight of tlie evidence, and tlieir finding is conclusive.
There being no error iu the judgment, ordered that the same be affirmed.
Judgment affirmed.