PHILIP ALSTIN'S EXECUTOR v. WILLIAM H. CUNDIFF.

1. RULES OF COURT.—When the defendant, in accordance with rule 31 governing practice in the District Courts, admits that the plaintiff has a good cause of action as set forth in the petition, but replies by plea in the nature of a plea in confession and avoidance, he is entitled to open and conclude in adducing evidence and in the argument; but in such case the admissions should specify the allegations admitted, and should not be in general terms.

2. PRACTICE—CONSTRUCTION OF WRITTEN INSTRUMENTS BY COURT.—While it is the duty of the court to construe the legal effect of written instruments offered in evidence which are unambiguous, the construction should, as a general rule, be based upon the terms of the instrument itself. If parol evidence must be resorted to for explanation of the terms used, then the question of construction ceases to be one of law, and becomes a mixed question of law and fact, to be determined by a jury under instructions.

3. CONDITIONAL SALE—MORTGAGE.—In determining whether a convey-ance absolute on its face, with a written agreement for repurchase signed by the parties, is a mortgage or a conditional sale, reference must be had to the inquiry, whether the relation of creditor and debtor continues to exist. If it does, it is a mortgage; otherwise, a condi-tional sale.

4. MORTGAGE—CONDITIONAL SALE—CHARGE OF COURT.—When a deed is executed, and a contemporaneous agreement is signed by the parties for a reconveyance on payment of a sum stipulated, there be-ing nothing on the face of the papers to determine whether the trans-action was a mortgage or a conditional sale, and extraneous evidence is resorted to, the question should be decided by the jury under in-structions, and not by the court. Where the two instruments are of the same date, and there is no other evidence of the true intention of the parties, the court may construe the instruments and charge on their legal effect.

5. CASE AFFIRMED.—Greneaux *v.* Wheeler, 6 Tex., 515, approved.

6. EQUITY—CONVEYANCE OF LAND.—As against prior equities of third parties, a preëxisting debt is a sufficiently valuable consideration to support a conveyance of land to one who has no notice of the prior equities, where the original indebtedness is given up and canceled.

7. HOMESTEAD—NOTICE.—B and his wife, C, executed to D a conveyance, properly acknowledged and recorded, of land which they had occupied as a homestead. The vendors continued in possession, paying rent first to D, and afterwards to E, his vendee under deed recorded, and executed to him notes for rent, on which suit was brought. B, C, and D, contemporaneously with the original sale, had executed an agreement for a reconveyance, of which E had no actual notice. B and C, resisting the payment of the notes for rent, set up homestead rights in the property: *Held*—

1. That even admitting the original conveyance and agreement between the parties to have been intended as a mortgage, and not a conditional sale, the constructive notice of the agreement to repurchase, resulting from the continuing presence of B and C on the premises, should not outweigh the fact that they had acknowledged their tenancy under D, and the public legal notice that C had parted with all her right to the property, given in her voluntary deed, executed and recorded with all the solemnities of the law.

2. Any other construction would be contrary to sound principles of law and equity, and would make our registration laws, which were wisely intended for the protection of innocent purchasers, but a snare and a delusion.

APPEAL from Houston. Tried below before the Hon. W. D. Wood.

On the 8th day of March, 1874, Philip Alstin brought suit in the District Court of Houston county against W. H. Cundiff on certain promissory notes, three of which were, by the original and a supplemental petition, subsequently filed, alleged to be secured by a vendor's lien on certain real estate described in the petition,—the three notes amounting to $3,500, besides interest. The petition prayed for judgment foreclosing lien, &c.

During the pendency of the suit Philip Alstin died, and appellant, as his executor, prosecuted the suit. Cundiff's wife, Nancy L. Cundiff, made herself a party defendant. She and her husband, while admitting the justness of the debt as against

Cundiff, denied that the property could be subjected to the payment thereof, alleging, in substance, that Alstin had acquired the property by deed from W. E. Haden, and that Haden acquired through deed from them (Cundiff and wife) of date of 4th day of October, 1867; that at that time the property was their homestead, and the deed to Haden, while absolute on its face, was, in fact, made to secure a debt due by Cundiff to Haden; that, by an instrument contemporaneous therewith, Haden agreed, on payment of the debt, to reconvey the premises; that the transaction between them and said Haden was but an attempt to mortgage the homestead, not binding on Mrs. Cundiff, and that Haden acquired no right under the deed and conveyed no title to Alstin, he having notice of the nature of the transaction. There was no evidence of such notice.

The plaintiff replied, pleading want of knowledge of any such understanding with Haden, and alleging that he was an innocent purchaser from Haden for value, and pleaded that defendants were estopped by their deed and their other acts. The agreement to reconvey to Cundiff and wife was never acknowledged or recorded. The case was tried at the Fall Term, 1879, and verdict and judgment rendered in favor of plaintiff for the debt, and against his claim for the enforcement of the vendor's lien, from which he appealed.

Other facts will be apparent from the opinion and from appellant's brief, in which they are correctly stated.

*Nunn & Williams*, for appellant.

I. The nature of this suit was not such as to make rule 31, for District Courts, applicable.

Plaintiff's cause of action, as shown by his pleadings, was the existence of a debt due from Cundiff to him, and of a vendor's lien on the property described in the petition, both of which facts were alleged in proper form.

The defendants filed, in writing, an admission of plaintiff's cause of action, generally, except so far as the same might be

defeated by the facts of the defenses, contained in their answers, which might be established on the trial.

Whereupon the court allowed them to open and conclude in the introduction of evidence and in the argument. To this plaintiff objected, and the court overruled the objection. The defendants, by their answers, only set up facts to establish that no vendor's lien ever existed on the property in controversy.

II. If the admission by defendants was sufficient to entitle them to open and conclude the case, then its proper legal effect was to concede absolutely the existence of the debt and vendor's lien as stated by plaintiff, and they could only be allowed to prove defenses in avoidance of these facts.

The court, in the charge, only gave the admission the effect of establishing, *prima facie*, the existence of the lien, and allowed the defendants, in contradiction, to prove and argue that no lien had ever existed. Verdict and judgment were rendered against the existence of the lien.

III. The deed from Cundiff and wife to Haden, and the instrument from Haden to Cundiff, taken together, do not, on their face, legally import a mortgage of the property described.

The deed and the other instrument bear the same date, viz., October 4, 1867, and were executed at the same time.

The deed from Cundiff and wife is absolute on its face, acknowledges the receipt of $4,000 in specie as the consideration, conveys the property to Haden, warrants the title generally, and covenants that the grantors have a good right to convey, and that the premises are free from all incumbrances.

The agreement signed by Haden recites that he has the same day purchased the land from Cundiff and wife, and has paid them therefor $4,039.50, specie, and states that it is understood between them that, in case they should pay him, on or before the 1st of January next thereafter, the sum mentioned, with legal interest, he agrees, on such payment, to reconvey said premises to them, and that upon such payment the title is to be divested out of him and vested in Cundiff and wife; but otherwise, the conveyance to him to be absolute, and all

the title°of the premises to be vested in him, without further
action in the premises.   The deed was duly acknowledged by
Cundiff and his wife, and recorded.   The instrument signed
by Haden had two subscribing witnesses, but was neither au-
thenticated nor recorded.   W. A. Stewart, who was present
at the transaction and was a subscribing witness, stated, in
evidence, that the conveyance to Haden was made by Cundiff
and wife in payment of a debt from Cundiff to Haden.   Cun-
diff testified that, when these instruments were executed, he
was indebted to Haden, and that his indebtedness " was the
consideration " of the deed to the latter.   This was all the
evidence concerning any debt from Cundiff to Haden.   Cun-
diff and wife, after the transaction with Haden, continued in
possession up to the time Alstin purchased.   He then rented
from Alstin in 1869, and continued to rent, giving his notes
for the rent, until 1873, when he purchased, and gave his
notes for purchase-money also.   He stated that his wife knew
nothing of his renting from Alstin ; told his wife that the deed
she signed to Haden was a mortgage.   The court charged the
jury, in substance, that if the deed and instrument referred to
were delivered at the same time, they operated as a mortgage
to secure the consideration expressed ; and further, in effect,
that if the property embraced was the homestead of Cundiff
and wife at the time, these transactions passed no title or right
to Haden, and that if Alstin, when he purchased, had legal
notice of the nature of such transaction, he could enforce no
lien against the property under the notes given by Cundiff for
the purchase-money.   (Pearson *v.* Seay, 35 Ala., 612; Kelly *v.*
Thompson, 7 Watts, 401; Robinson *v.* Cropsey, 2 Edw. Ch.,
138; McKinstry *v.* Conly, 12 Ala., 678; Poindexter *v.* McCan-
non, 1 Dev. Eq., 373; West *v.* Hendrix, 28 Ala., 226; Hickox
*v.* Lowe, 10 Cal., 197; Wash. on Real Prop., pp. 62, 63, *et seq.;*
4 Kent's Comm., 144.)

IV. In order to constitute a mortgage, there must be a debt
subsisting and unextinguished.

The papers themselves show no indebtedness from Cundiff

to Haden, but show the payment of money as the consideration of the deed. The evidence of Cundiff and Stewart showed that no debt existed after the deed was made, but indicates that whatever debt had existed, was extinguished by the transaction. (Hoopes *v.* Bailey, 28 Miss., 328; Slowey *v.* McMurray, 27 Mo., 113, 116.)

V. The charge of the court assumes that there was a debt from Cundiff to Haden surviving the transaction between them, when this was a fact necessary to be found by the jury before the instruments could be construed to operate as a mortgage.

VI. The debt from Cundiff to Haden being extinguished by the conveyance, the instrument signed by the latter was merely a contract for repurchase, and made the transaction a conditional sale.

VII. The prohibitions of our Constitutions and laws are only against forced sales of homesteads under process of court, and not against voluntary alienation by husband and wife, even for debt.

VIII. Under the circumstances of this case, possession by the grantors, after their deed was made and delivered to Haden, was no notice to purchasers from Haden of the secret, unrecorded written instrument under which they claimed secret equities. (Scott *v.* Gallagher, 14 S. & R., 333; Newhall *v.* Pierce, 5 Pick., 450; Wood *v.* Farmere, 7 Watts, 382.)

IX. The instrument from Haden to Cundiff could legally have been recorded, and ought to have been recorded, in order to give notice of its existence. (Paschal's Dig., art. 4994, and authorities before cited.)

*Moore & Burnett*, for appellees.

I. Appellees controvert appellant's propositions under his second and third assignments, and contend that the "written admission," being in the exact language of the rule, entitled them to open and conclude.

If said rule is not applicable, no injury is shown by appel-

lant by reason of the ruling of the court. Appellant assigns no error in respect to the facts. (Gaines' Administrator *v.* Ann, 26 Tex., 340; Belt *v.* Raguet, 27 Tex., 471.)

II. The conveyance having been made on a preëxisting indebtedness, and the defeasance being executed and delivered at the same time, the two instruments constitute a mortgage, unless it clearly appears that such debt was extinguished by the conveyance. In this case it does not so clearly appear, and the mortgage, being made of the homestead, cannot be enforced by forced sale.

The deed expresses as the consideration $4,039.50. The defeasance—styled agreement—recites that Haden had paid Cundiff and wife for the premises $4,039.50, and if repaid by January 1st next, with legal interest, he was to reconvey, &c. The consideration expressed was antecedent indebtedness of Cundiff to Haden, and appellant's testator knew the fact. The premises constituted the homestead of Cundiff and wife since 1866, and continued their homestead, and was occupied as such, to the time of trial. The agreement of Haden describes the premises as the "same upon which said Cundiffs now reside and occupy as their homestead." Both instruments were attested by the same witnesses and, as found by the jury, under the charge of the court, were executed and delivered at the same time.

Appellant offered no evidence to show that the agreement was intended as a conditional sale, or that the debt was canceled. (Ruffier *v.* Womack, 30 Tex., 332; Gibbs *v.* Penny, 43 Tex., 563; Beale *v.* Ryan, 40 Tex., 400; Baxter *v.* Dear, 24 Tex., 17; Boatright *v.* Peck, 33 Tex., 75.)

III. The agreement showed on its face that there was a debt due from Cundiff to Haden; and the two instruments, construed together, show that the homestead was made merely a security for the debt, and was not conveyed absolutely.

IV. Appellant's testator was not an innocent purchaser, he not having paid a valuable consideration; and the continued occupancy of the premises as a homestead was notice.

Appellant's testator did not pay value. Antecedent debts of Haden due him were the consideration, and he knew that Haden got the land from Cundiff on a consideration of antecedent indebtedness due Haden by Cundiff. (Mullins v. Wimberly, 50 Tex., 464; Watkins v. Edwards, 23 Tex., 443.)

BONNER, ASSOCIATE JUSTICE.—The second and third errors assigned are, that the court erred in permitting the defendant to open and conclude in the introduction of evidence and in the argument before the jury, and in not giving to the admission of the defendant its proper legal effect.

Rule 31 of this court, for the government of District Courts, (47 Tex., 623,) was intended to give to the defendant the privilege to open and conclude in cases only where he admitted all the material issues tendered by the plaintiff in support of his cause of action. If these issues are properly admitted by the defendant, and he in reply, in the nature of a plea in confession and avoidance, takes upon himself the burden of proof to defeat the demand of plaintiff, then, having this affirmative burden, he should justly have the right to open and conclude.

Although the rule, in general terms, gives to the defendant the privilege to open and conclude if he admits the plaintiff's cause of action as set forth in the petition, except so far as it may be defeated in whole or in part by the facts of the answer, yet, in practice, the admission should not, as in this case, be in the general terms of the rule, but should be so specific that the jury, who are not presumed to be judges of the legal effect of the pleadings, will fully understand the facts admitted, and upon which they are to decide.

The admission here was relied upon and introduced in evidence by the plaintiff himself, and its general terms were so modified by the learned judge presiding, in his charge, as to cast the proper burden of proof upon the defendant. The jury, doubtless, thus understood it, and hence the plaintiff was not prejudiced on the trial.

Our construction of the rule is made in this case because appropriate and asked to be given.

The fourth error assigned is, that the court erred in that part of the charge which construed the legal effect of the deed from Cundiff and wife to Haden, and the agreement to reconvey from Haden to Cundiff, if made at the same time, to have been but a mortgage.

Although it is both the right and the duty of the court to construe the legal effect of written instruments where they are plain and unambiguous, yet this construction, as a general rule, should be based upon the terms of the instrument itself. If parol evidence must be resorted to in order to explain these terms or the intention of the parties, then the question of construction ceases to be one of law simply, and becomes one of mixed law and fact, to be determined by the jury under appropriate instructions from the court.

. The conveyance from Cundiff and wife to Haden was in the ordinary form of a deed absolute, with not only the usual covenant of general warranty, but one also that they had the legal right to convey, and that the land was free from all incumbrance.

The agreement from Haden to Cundiff recites that he had purchased the land from Haden and wife, and had paid for it the consideration named in the deed, and that if the consideration should be repaid to him by the 1st day of January next thereafter, a period of less than three months, he would reconvey.

There was no recital in either instrument that a loan of money or a preëxisting indebtedness to Haden was the consideration of the deed, but the transaction appeared as an ordinary conveyance of sale with privilege of repurchase.

Under the authority of Thompson v. Chumney, 8 Tex., 389, the court below might have been authorized to have construed the instruments as a conditional sale rather than a mortgage.

Although the courts have been inclined, particularly in cases

of loans of money at usurious interest, to construe an instrument to have been intended as a mortgage rather than a conditional sale, yet, as said by this court in Ruffier v. Womack, 30 Tex., 340, "On the other hand, however great may have been the disposition manifested sometimes by courts to construe all agreements coupled with a stipulation for a reconveyance upon payment by a future day, as mortgages, it is now well settled that the power of individuals capable of acting for themselves to make such contracts cannot be denied; and when the facts show that this is the character of their agreement, it must be upheld and enforced as readily as any other contract. (Conway's Executors v. Alexander, 7 Cranch, 218.) Nor does the fact that there was an existing debt at the date of the contract repel the presumption, which may arise from other facts, that the contract was a conditional sale. The question in such case is, Was the old debt surrendered or canceled at the time of the conveyance?" (Holmes v. Grant, 8 Paige, 243.)

The true test, as laid down in the above case of Ruffier v. Womack, is, that if the relation of debtor and creditor continues to exist, it is a mortgage; otherwise, it is a conditional sale. (30 Tex., 342, citing Robinson v. Cropsey, 2 Ewd. Ch., 138; Slee v. Manhattan Co., 1 Paige, 56; Poindexter v. McCannon, 1 Dev. Eq., 377; Magee v. Catching, 33 Miss., 673.)

It may be remarked in this connection, without referring to the question of the proper legal construction of the instruments upon their face, that the testimony of Cundiff himself does not satisfactorily show but that his previous indebtedness to Haden, and which he says was the consideration of the deed, was given up and thereby discharged.

The effect of the above case of Ruffier v. Womack, and that of Hudson v. Wilkinson, 45 Tex., 444, and others, upon this and kindred questions, is, that when the true intention of the parties is not apparent upon the face of the instrument itself, then this often very embarrassing question, whether the transaction was a conditional sale or a mortgage, is to be decided

by the jury, under the charge of the court, from all the facts and circumstances of the particular case.

The only test of fact to determine this question, which was submitted to the jury, was whether the two instruments were of the same date, and not the true intention to be ascertained from all the attendant facts and circumstances. Had the dates been the only test, then perhaps it would not, upon the part of the court, have been too great an infringement upon the privileges of the jury to have assumed as a fact in the case, apparent upon the face of the instruments, that they were both of the same date, and to have charged upon their legal effect accordingly.

In the charge as given and restricted in the above particular, we think there was error.

It is assigned as error, that the court erred in those parts of the charge in which the jury were instructed, that if the consideration for the deed from Haden to Alstin was a preëxisting indebtedness due from Haden to Alstin, that this, in law, was not a valuable consideration; also, that if the possession of the land remained in Cundiff and wife after their conveyance to Haden, such possession was notice to Alstin of the homestead rights of the wife, if this conveyance was a mortgage and not a sale.

These two alleged errors will be grouped and considered in the order named. The principle upon which is based the general rule, that a creditor who, at a judicial sale, bids in property of the debtor, and has the amount of his bid credited upon the execution, is not a purchaser for value, is, that no new consideration passes, and that, as between himself and the judgment debtor, the bid may, for good cause, be set aside without prejudice, and the execution be levied upon other property. That, therefore, if his bid should fail, he does not suffer that injury which might result to a third party who had, in good faith, previously acquired rights under the judgment debtor. In accord with this is the familiar doctrine, that if one of two parties, who otherwise have equal equities,

should have an additional security for his debt, not available to the other, in a proper case equity would compel him to resort to this additional security, as thereby both debts might be satisfied.

As between the immediate parties, the payment of a pre-existing debt due from one to the other should be as valuable a consideration to support a contract as though the amount was then for the first time advanced, and should be set aside in favor of a third party, who did not have a superior right, in the event only that otherwise his rights could not be protected; but this should not be done to the ultimate prejudice of the creditor who has otherwise equal equity.

So far as shown by the record, both the indebtedness from Cundiff to Haden and that from Haden to Alstin, which were the considerations for the two deeds, were given up and canceled at the respective dates of these deeds. There was no offer to refund this indebtedness, and no evidence that, in respect to their collection, the creditors, from want of the bar of limitations, insolvency of the debtors, or other good cause, particularly after so long a lapse of time, could be placed in as good condition as before the execution of the deeds.

In the elaborate opinion of Mr. Justice Story in Swift *v.* Tyson, 16 Peters, 1, it was decided, that, as against prior equities of third parties, a preëxisting debt was a sufficiently valuable consideration to support the transfer of a negotiable note to one who has no notice of these prior equities. This decision was approved and followed by this court in Greneaux *v.* Wheeler, 6 Tex., 515.

Although there can be found many decisions against the application of this doctrine to the purchase of real estate, yet we cannot see why, upon principle, it should not be thus applied, particularly in cases where the original indebtedness is given up and canceled; and it is thus decided in courts of high authority. (Love *v.* Taylor, 26 Miss., 574; Padgett *v.* Lawrence, 10 Paige's Ch., 180; Work *v.* Brayton, 5 Ind., 397; Babcock *v.* Jordan, 24 Ind., 19.)

Alstin does not occupy the position of one who relies upon a junior title or an equity to override the legal title in Mrs. Cundiff, and consequently upon him should rest the burden of proof that he was a purchaser both for value and without notice. Mrs. Cundiff, however, herself seeks to avoid her own voluntary, absolute, recorded deed, conveying away her legal title, on the ground that she had a secret agreement to reconvey, by virtue of which she might still have the superior title.

Under these circumstances, it would seem but reasonable and equitable that, before she should prevail, it should be shown that if the deed from Haden to Alstin were set aside because the consideration was a preëxisting debt due from Haden to Alstin, that Alstin would not be prejudiced in the collection otherwise of this indebtedness.

We are of opinion, that, under the facts as presented by the record, there was error in that part of the charge in which the jury were, in effect, told that this previously-existing indebtedness was not sufficient to support the deed from Haden to Alstin, as against Mrs. Cundiff.

It remains to inquire whether Alstin was affected with notice of the alleged homestead claim of Mrs. Cundiff by reason of her remaining in possession of the property jointly with the husband.

The deed from Cundiff and wife conveyed the absolute legal title to the property into Haden. This deed was duly acknowledged by them and placed upon record. The instrument of reconveyance from Haden to W. H. Cundiff was never recorded. Although Cundiff and his wife remained in possession, it appears that they did so as the tenant of Haden and his subsequent vendee, Alstin, paying rent. Cundiff then purchased the land from Alstin, and executed to him the notes here sued upon in payment of previously-accrued rent and for the purchase-money. No actual notice of the claim of Mrs. Cundiff is given to Alstin, the subsequent purchaser, and he has no knowledge of the agreement to reconvey until it is set up in this suit. Under these circumstances,

the question arises, whether the implied private notice of the homestead claim of Mrs. Cundiff—if it be admitted that the deed to Haden was intended as a mortgage and not a conditional sale—given by her possession jointly with her husband, who, as the head of the family, acknowledged, both as a tenant and purchaser, the full legal and equitable title to be in Haden and his subsequent vendee, Alstin, should outweigh the public legal notice that she had parted with all her right to the property, given by her own voluntary deed, executed and recorded under the forms and solemnities of the law.

To permit this, would, in our opinion, be contrary to sound principles of law and equity, and would make our registry laws, which were wisely intended for the protection of innocent purchasers, but a snare and a delusion.

The principle here announced is supported by the case of Ranney v. Miller, 51 Tex., 263.

We are of opinion that the court erred in the charge to the jury, that the possession of Mrs. Cundiff was notice to Alstin of her claim; and for this and the other errors above mentioned, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 30, 1880.]

[Chief Justice Moore declined to sit in this case.]