## JULIA A. CALHOUN vs. WILSON LUMPKIN and JOHN S. WATTS.

### SUPREME COURT, TYLER TERM, 1883.

*Construction of Deed—Whether Mortgage or Conditional Sale—Fact Case.—* In determining, whether a given transaction amounts to a sale or a mortgage, courts of equity must look to the intention of the parties, to be gathered from their situation and conduct, the surrounding facts as well as the written memorials of the contract.

If the relation of debtor to creditor previously existed one question to be considered is, does it still exist between the parties ?

It is a good test as to the relation of creditor and debtor to ascertain whether or not the apparent vendee has any right of action against the vendor for the money which formed the consideration of the conveyance.

Appeal from Anderson County.

*Marsh Glenn* for appellant.

*Gammage & Gregg* for appellees.

Opinion by Willie, C. J.

This suit was brought by Julia A. Calhoun for the purpose of cancelling a deed made by herself and husband to Wilson Lumpkin, she alleging that it was a mortgage upon her homestead, executed since the adoption of the constitution of 1870 and therefore void. Watts was made a party defendant because, as plaintiff alleged, he had subsequently to the execution of the deed purchased the premises of Lumpkin with full knowledge of plaintiff's rights, and of the character of the instrument under which Lumpkin held the peoperty. Defendant Watts pleaded not guilty, suggested improvements made in good faith, and prayed that if the prayer of plaintiff should be granted that he be subrogated to the rights of Lumpkin, under

deed of trust formerly held by Lumpkin on the property and in lieu of which it was alleged by plaintiff the deed sought to be cancelled had been given; and that it be foreclosed for his benefit, and the land sold in satisfaction of the same. He also denied notice of any secret trust held in the premises by plaintiff or her husband, pleaded the statute of limitation of three years, and also averred that if Lumpkin conveyed the land by bond for title to Calhoun as was averred in the petition, the latter had made default in payment of the purchase money, and the contract was executed and abandoned by all the parties to it, before the conveyance to him by Lumpkin. The cause was submitted to the judge below, no jury having been demanded, and judgment was by him rendered for defendants.

The evidence introduced upon the trial was very conflicting, and material portions of it wholly unreconcilable. In such cases the same effect is given to the finding of the judge as to the verdict of a jury in suits tried before them, and on the present case we could not reverse the judgment although the plaintiff's evidence had made out a clear case for the relief she sought, if that of the defendant sustained the judgment of the court in denying such relief.

The following are the conclusions of fact and law found by the court :

1. On the 19th of April, 1873, appellant and hubsand executed the deed of trust to Lumpkin, named in plaintiff's bill (Tr. p 24) on the lots of land described in the petition.

2. That on the 22nd of September, 1877, Calhoun and wife (appellant) conveyed the lots of land to Wilson Lumpkin, executed, in full payment of the balance of the note, principal and interest, secured by said deed of trust to Shumattec.

3. That on the 3rd of Gctober, 1877, Lumpkin, as execuor, executet a bond for title to D. A. Calhoun, agreeing to conver all of said lands and lots to Calhoun upon his paying a certain sum of money on the 1st day of January 1878, said sum being understood and intended to be the same in amount as the balance due on the note secured by trust dees to Shumattee.

4. That the sale from Calhoun and wife to Lumpkin, of the 22nd of September, 1877, and bond for title from Lumpkin to Calhoun, was a conditional sale to Lumpkin to secure the payment of the amount due on said debt.

5. That the said lots sued for were not homestead of plaintiff at

the time of execution of said conveyance, September 22nd 1877.

6. On the 6th of February, 1880, Lumpkin sold the lots sued for to J. F. Watts, and at that time Watts had notice of sufficient facts to put him upon inquiry as to plaintiff's claim.

Upon the law the court finds :

1. The property not being a homestead, and the plaintiff not tendering the money due cannot recover.

2. Even if it was a homestead, the conveyance made on the 22d of September, 1877, was but a change of a valid security, made in 1873, and would not be void as an independant attempt to create a lien upon the homestead. Tr. pp. 24 to 26.

The theory of the appellant's case, which she endeavored to sustain by proof, was that the property in controversy was her homestead on the 22nd day of September, 1877, and could not be incumbered by a mortgage such as was created by the deed of that date executed by herself and husband in favor of Lumpkin. To sustain this theory it became necessary for her to swear : 1. That the deed though absolute in form was intended to operate as a mortgage and not as a deed either conditional or unconditional. 2. That the property was her homestead at the date of the execution of the instrument. These two facts at least should have been established by her, and the failure to prove either of them, would have been fatal to her cause. For if the sale was even a conditional one it was abundantly shown that the condition had never been complied with, and she did not claim to the contrary, and if the deed was in fact a mortgage, but the property was not her homestead when it was executed, she could not recover against a defendant's rigth fully in posession without tendering the amount due on the mortgage. The testimony of defendants, which must have been credited by the district judge, established clearly the facts : That the deed of September 22nd 1877 was understood by the parties to it to be an absolute sale, and not a mortgage.

That at and before the time of the execution of this deed there was no understanding between them that the bond for title subsequently made was to be executed by Lumpkin. In fact the understanding was directly to the contrary, and no conditions other than the surrender of the note and extinguishment of the debt were agreed on. The note which Lumpkin held against Calhoun was actually delivered up and cancelled, and no debt was held or claimed

by the former against the latter until the subsequent note and bond were made some days after the execution of the deed, and this was done as a matter of favor by Lumpkin because Calhoun wanted an opportunity to get the land back, and it was not done in pursuance of any previous agreement. The amount which Lumpkin paid for the property, as also the amount which Calhoun was to pay under the bond for title was almost its true value. The vendee was by the understanding of the parties to have the possession of the property, and the vendors were not to regain it unless they paid the purchase money within a given time.

Whilst one or perhaps several of these facts might appear in such a transaction and it still be a mortgage, yet when they all concur the court would be fully justified in finding it at least a conditional sale. In determining whether a given transaction amounts to a sale or a mortgage courts of equity must look to the intention of the parties, to be gathered from their situation and conduct, the surrounding facts as well as the written memorials of the contract. Cornel vs. Hall, 22 Mich. 377, 383.

If the relation of debtor and creditor previously existed one question to be considered is, does it still exist between the parties ?

In this case such relation did exist at the date of the deed, but the testimony shows that it was extinguished by agreement, and by a subsequent contract Calhoun had the privilege of refunding the money by a given time and receiving a reconveyance. This has been frequently held to constitute the transaction a constitutsonal sale. Robinson vs. Cropsey, 4 Edw. Ch. 138 also 6 Paige 480; Thompson vs. Chensey, 8 Texas 389; Ruffin vs. Womack, 30 Texas, 342–343.

It is a good test as to the relation of creditor and debtor to ascertain whether or not the apparent vendee has any right of action against the vendor for the money which formed the consideration of the conveyance. Conway vs. Alexander, 7 Cranch 218.

Here it appears from the proof that after the deed was made by Calhoun and wife, and Lumpkin cancelled the note the latter had no remedy whatever against the former parties to recover against them for any portion of the debt secured by the original deed of trust.

The relation of debtor and creditor again commenced between them on the 3rd of October afterwards, so soon as the bond for title and note for the purchase money was executed. Had this relation

been revived in accordance with a previous arrangement between the parties, made at the time the latter was executed, it would have been a fact strongly showing that a mortgage was intended. But the proof is that the express understanding was directly to the contrary, so that the parties dealt with each other as if no previous undersanding had ever taken place between them. The fact that Lumpkin agreed tp sell the land to Calhoun for the precise sum to which the old debt would have amounted, had it not been paid, can make no difference. The agreement to sell was shown to be an act of grace on the part of Lumpkin, and the consideration was shown to be about equal to the value of the property.

When we add to these circumstances the fact that the property in the sale of 22nd of September 1877, brought its full value, and that the vendee took possession under his deed, the case becomes a very strong one to show that no mortgage was intended between the parties. In all controversies as to whether an instrument is a mortgage or a sale, the decision must rest upon the peculiar circumstances of the case. Cornell vs. Hall *supra* The want of prroof of one fact may be sufficient to turn the scale in favor of one or the other of these instruments. In the case of Ruffin vs. Womack, 20 Texas 332 this court reversed the judgment below because the judge in his charge made the question of sale mortgago to turn upon whether or not the original evidence of indebtedness had been cancelled, and not upon the existence or non existence of the debt itself. Had the extinguishment of the debt been made the test, we are led to believe from the reasoning of the court that the judgment would have been affirmed. In this case the debt was paid, and it was in addition to the facts proved on that trial, the additional facts of a fair price being paid for the property and possession given to the vendee in accordance with the deed. The transaction has all the appearance of a conditional sale and when that is the case the evidence should be very clear to connect it into a mortgage. And we cannot say that the district judge erred in holding that the present was a conditional sold upon the facts proven. Jones on Mortgage § 260.

But admitting that the proof sufficed to show the transaction a mortgage, still the appellant could not recover, because she did not offer in her pleadings to pay her debt which the mortgage was given to secure. Divested of all homesteads questions it is clear that before a mortgagor can recover possession of property of which the

mortgagee is rightfully in possession he must tender the amount of money due on the mortgage. Morrow vs. Morgan, 48 Tex. R. 304; Hannay vs. Thompson, 14 Tex. 142.

Where the possession is unlawfully obtained of course no such tender is necessary, as by an illegal foreclosure of the mortgage, Morrow vs. Morgon *supra*, or by tampering with the mortgagor's tenant and inducing him to yield up possession or attorn to the mortgagee. Loving vs. Williken, Austin Term, 1883.

Here possession was yielded by the mortgagor to the mortgagee as if he were entitled to it under the terms of the agreement, and no question as to his right of possession was ever made.

In fact it seems that it was part of the agreement itself as interpreted by both parties. Nor did the claim of homestead, set up by the appellant, relieve her of the necessity of making this tender, for she did not establish that claim by proof.

Her husband bought the place in 1865, and they took up their residence upon it, but lived there only two years. They then moved to the residence of their father and mother, and whilst residing there her father gave her the Kline place. They subsequently removed to this place and resided there, and never afterwards at any time occupied the premises in controversy. Their homestead could have been fixed as well upon the Kline place as upon the other, for it was her property by the simple title, and from the testimony of defendant's witness, it does not seem that she claimed the place in suit as a homestead after she moved from it. She did not have it set aside to her as a homestead by the county court in the course of administering her husband's estate, and said nothing to the defendant Lumpkin or his attorney about it when the transaction was occuring in which her husband obtained money from him by a mortgage upon the premises. This view of the case disposes with the necessity of considering the question as to whether the conveyance of September 22nd, 1877, was an independent attempt to create a lien upon a homestead or a mere change of securities. The other assignments of error are either abandoned in the brief of appellant's counsel, or are not made in such manner as under the rules to require our consideration.

There is no error in the judgment and it is affirmed.