**BRANNON et al. v. GARTMAN.**
(No. 586–4408.)

(Commission of Appeals of Texas, Section B. Dec. 1, 1926.)

**1. Trial ⚙➡350(3)—Failure to submit issue, raised by pleadings, whether deed was mortgage, held reversible error.**

In trespass to try title, failure to submit issue, clearly raised by pleadings, whether deed of defendant's homestead to plaintiff was mortgage, *held* reversible error.

**2. Appeal and error ⚙➡1083(1)—On appeal, question of law only was presented as to whether transaction involving agreement to reconvey was mortgage or conditional sale, in view of jury finding sustained by Court of Civil Appeals.**

Jury having found that grantee, after receiving conveyance absolute on face, agreed to reconvey to grantors, which finding has been sustained by Court of Civil Appeals on appeal, question of law only was presented as to whether testimony indicated transaction to be mortgage or conditional sale.

**3. Homestead ⚙➡115(2)—Absolute conveyance of homestead, intended as security for prior loan, is void.**

Deed conveying homestead, even though absolute on its face, is void, if it is intended by parties at time of its execution as security for loan made prior to, or at time of, its execution.

**4. Homestead ⚙➡131 — Intent of parties to make deed for homestead security for prior loan is for jury.**

Intent of parties to make absolute deed, conveying homestead security for prior loan, is for jury from all facts of the case.

**5. Homestead ⚙➡112 — Conditional sale of homestead is valid.**

Conditional sale of homestead is as valid as absolute sale.

**6. Mortgages ⚙➡6—Terms of conditional sale must be specific.**

Test of conditional sale is that it must be specific in its terms, and condition of reconveyance must be specific.

**7. Mortgages ⬅6—Grantors' giving of absolute conveyance for grantee's promise to pay grantors' debts, and to reconvey, held not conditional sale.**

Transaction wherein grantors gave absolute conveyance of land to grantee in exchange for promise to pay grantors' indebtedness with consideration stated in deed, grantee agreeing to reconvey later, *held* not conditional sale, but mortgage, even though there was no express recital of debt secured by mortgage.

**8. Mortgages ⬅6—Conditional sale passes title to vendee, subject to conditions annexed.**

Conditional sale passes title to vendee in first instance, subject to conditions annexed.

**9. Mortgages ⬅32(5)—Where grantee in exchange for absolute conveyance agreed to pay off grantors' debts and to reconvey, debtor and creditor relationship was created for money advanced for debts.**

Grantee having agreed to pay off debts of grantors in exchange for absolute conveyance from grantors, and to reconvey, and having paid debts, relationship of debtor and creditor was created; there being implied promise by grantors to pay back money advanced.

**10. Mortgages ⬅37(2) — Deed, absolute on face, may be shown to be mortgage by parol evidence.**

Parol evidence is admissible to show that deed, absolute on face, is mortgage.

**11. Witnesses ⬅236(1)—Question as to plaintiff's reputation for truthfulness, honesty, and fair dealing held improper as containing two separate issues.**

Question as to plaintiff's general reputation in community for honesty, fair dealing, and truthfulness, held improper, because embracing two separate and distinct issues.

**12. Evidence ⬅106(2)—Evidence as to general reputation for honesty and fair dealing is admissible, where party is charged with fraud or a crime.**

Evidence of general reputation of party as to honesty and fair dealing is competent when charge against him amounts to fraud or a crime.

**13. Witnesses ⬅407—Evidence of good reputation is not justified because testimony of litigant is contradicted by another litigant.**

Where there is no contradiction of plaintiff's testimony except by one of defendants, no issue as to truthfulness of one of parties is raised, justifying admission of evidence of good reputation.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Trespass to try title by L. J. Gartman against A. O. Brannon and others. Judgment of the district court adverse to plaintiff was reversed by the Court of Civil Appeals, and judgment rendered for plaintiff (270 S. W. 255), and defendants bring error. Judgments of the Court of Civil Appeals and the district court reversed, and cause remanded to the district court.

Calloway & Calloway, of Comanche, for plaintiffs in error.

E. P. Woodruff, of Brownwood, and Geo. E. Smith, of Comanche, for defendant in error.

SHORT, J. On the 20th day of April, 1922, A. O. Brannon and his wife, Ola M. Brannon, were the owners of three tracts of land, one containing 673 acres, another containing 357 acres, and the third 213 acres, the last-named tract being their homestead, and unincumbered, while the other two tracts were more or less heavily incumbered by liens. On this date they were indebted to various and sundry parties. One of these debtors had a lien of $6,000 on the tract of land containing 673 acres, and the other tract of 357 acres had a first and second lien. In addition to these debts so secured, these parties owed W. B. Brannon, the father of A. O. Brannon, $3,000, and this 213 acres, the homestead, had been conveyed in the form of a regular deed to W. B. Brannon for the purpose of securing this indebtedness. They also owed a lady by the name of Eva Gartman, the sister of defendant in error L. J. Gartman, a debt amounting to about $1,900, evidenced by a note secured by second lien on the 357 acres. There was another note for $2,400, besides interest, which was claimed to be owned by E. B. Anderson, a lawyer who represented the defendant in error in the transaction under discussion. None of these debts, most of which were past due and unpaid, were within the capacity of the plaintiffs in error to pay, and suits were threatened on the notes claimed by Eva Gartman and E. B. Anderson. The E. B. Anderson note was also signed by W. B. Brannon, and it appears that he had denied the authenticity of his signature, and apparently A. O. Brannon was about to be threatened with a criminal prosecution for having signed his father's name without authority. Mrs. Ola M. Brannon and L. J. Gartman were related, being aunt and nephew, respectively, and about the same age. There is some suggestion that A. O. Brannon was either of unsound mind or of limited mental capacity, while it appears that L. J. Gartman was an experienced and successful man of business, who had acquired considerable wealth without having any to begin with. It also appears that Mrs. Ola Brannon recognized the incapacity of her husband to handle his business, and had much confidence in the ability, as well as the integrity, of her nephew, L. J. Gartman. On the date mentioned, A. O. Brannon and his wife, Ola, together with W. B. Brannon and his wife, Mattie, executed and delivered an instrument in the form of an absolute deed, conveying to L. J. Gartman, for a recited consideration of $8,520 cash, the receipt of which was acknowledged, and the testimony shows it was in fact paid, the

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

213 acres which had been occupied for 20 years by A. O. Brannon and his wife as their homestead, and on the same day, in fact, at the same time, A. O. Brannon and Ola Brannon made an affidavit that the purpose was to convey to L. J. Gartman the title to the land in fee simple, and that it was a bona fide sale of the land, and that there were no reservations of title thereto in A. O. Brannon and Ola M. Brannon, or either of them, nor any agreement on the part of L. J. Gartman, verbal or otherwise, to ever reconvey to them the land for any consideration whatever, and that L. J. Gartman was under no obligation of any kind to reconvey to them the land, or resell the same to them. It was also stated in the same instrument that it was understood that A. O. Brannon and his wife were to retain the use and possession of the land during the current year (1922) and pay Gartman rents for the use of it, and, at the termination of the lease on December 31, 1922, to surrender possession to him peaceably. On the 1st day of January, 1923, L. J. Gartman brought this suit in the form of trespass to try title, impleading W. B. Brannon on his covenant of warranty apparently by virtue of the instrument executed by A. O. Brannon and Ola Brannon to him, the purpose of which was to secure the payment of a $3,000 indebtedness, above mentioned. Gartman also sued out writ of sequestration, which was executed, but the premises were replevied by A. O. Brannon and wife, who have remained in possession by virtue of these proceedings up to the present time.

A. O. Brannon and his wife, Ola M. Brannon, answered by pleas of not guilty, general denial, and specially set up ownership in themselves of the land in controversy, the substance of which pleading is correctly and succinctly stated in the opinion of the Court of Civil Appeals, 270 S. W. 255, as follows:

"That it was their homestead, used and occupied by them as such for many years prior to the conveyance to Gartman; that, at the time of the conveyance of the land to Gartman, appellees, Brannon and wife, were indebted on notes not owned, but held, by Gartman, in the aggregate sum of about $5,500, and were indebted to W. B. Brannon for notes and money in an amount aggregating about $3,000, all of which amounts were long past due.

"Appellees then allege, in effect, that Gartman proposed to them that they deed the land to him for the purpose of enabling him to take up their overdue obligations; that he had the money, and could carry them as long as they wanted him to carry them, and that by doing so it would enable them to sell other property and apply the proceeds to the debt to Gartman; that Gartman promised and pledged himself to reconvey the 213 acres of land to them and let them execute notes to him, which notes Gartman claimed he could handle; that the conveyance by them to Gartman of the land in controversy was made for the purpose of fixing a lien on said land to secure Gartman

in the payment of said indebtedness, and was not intended as a bona fide sale of the land, all of which was thoroughly discussed and understood by all the parties to the transaction.

"The pleadings and the uncontroverted evidence show that Gartman did not himself own any of the notes or obligations of appellees, and that, on the execution and delivery of the deed in general warranty form, without any reservations to him, by appellees and W. B. Brannon, Gartman advanced the money, and discharged all of the indebtedness, to the amount of $8,520, the consideration expressed in the deed.

"The case was tried to a jury, and submitted upon the one issue, that, if the jury should find that it was intended by Gartman and the Brannons 'to pass the title to the land in question to the plaintiff by the execution and delivery of the deed in question, and that there was no agreement or understanding between the parties that the said land was to be thereafter reconveyed by the plaintiff to the defendants,' their verdict should be for the plaintiff, and submitted the converse of the proposition that, if the jury should find that it was the understanding of the parties that title was not to be passed to Gartman, but that it should thereafter be reconveyed by Gartman to the Brannons, their verdict would be for the defendants. The jury found for the Brannons upon the issue submitted, and the judgment was so rendered."

The trial court submitted to the jury impaneled to try the case only one issue, to the effect that, if the jury should find that it was intended by Gartman and the Brannons to pass title to the land in question to Gartman by the execution and delivery of the deed in question, and there was no agreement or understanding between the parties that the land was to be thereafter reconveyed by Gartman to the Brannons, their verdict should be for the latter, and also submitted the converse of this proposition. The jury found for the Brannons on the issue submitted, and judgment was so rendered. Gartman filed his motion for a new trial, and, when it was overruled, gave notice of appeal to the Court of Civil Appeals at El Paso, presenting in that court, as well as in the trial court, 23 assignments of error. The Court of Civil Appeals reversed the judgment of the trial court, and rendered judgment in favor of Gartman, holding that an absolute deed, delivered by the grantors with the understanding that the grantee would pay grantors' obligations with the consideration stated in the deed, all of which was done, evidenced a conditional sale and not a mortgage, notwithstanding the grantee promised to resell the property to grantors. The plaintiffs in error, A. O. Brannon and his wife, Ola M. Brannon, after filing a motion for rehearing, and after the same had been overruled by the Court of Civil Appeals, made an application to the Supreme Court for a writ of error, which was granted, and this notation was made as the reason for the action of the Supreme Court:

"The finding that it was understood no title was to pass to Gartman seems inconsistent with the transaction constituting a conditional sale, and we are not sure the testimony does not raise the issue that the transaction amounted to a mortgage."

[1] It will be noted that the issue whether the transaction amounted to a mortgage, which we think in harmony with the tentative opinion of the Supreme Court as expressed above was clearly raised, was not submitted to the jury by the trial court, and, as this question has been directly presented by the plaintiffs in error in their first assignment of error, it necessarily follows that a retrial of the case is necessary in order to dispose of all the issues raised by the pleadings. This assignment of error is as follows:

"The court erred in holding, as it did in such case, that from the evidence and the fact found by the jury, the deed executed and delivered by appellees to appellant constituted a conditional sale, and did not constitute a mortgage or an equitable mortgage, for the reason that the evidence in the case and the fact found by the jury do not in any way fill the requirements or requisites of a conditional sale, as such term is used and discussed under the law in this state. Such evidence and finding shows that the essentials of a conditional sale are entirely wanting, in that there was no fixed price at which same was to be repurchased, and there was no specific time within which the reconveyance was to be made."

[2] The Court of Civil Appeals in its opinion say: "We assume the fact to be as found by the jury," and then proceed, after discussing the evidence, to conclude that the instrument executed and delivered by the plaintiffs in error to defendant in error evidenced a conditional sale of the property, and reversed the judgment of the trial court, and rendered a judgment in favor of the defendant in error, based upon this finding alone, without discussing the other assignments of error. We have reached the conclusion the Court of Civil Appeals was in error in its conclusion. We think that, under the fact found by the jury that it was the understanding of the parties that title was not to be passed to Gartman, but that it was understood between the parties the property should thereafter be reconveyed by him to the plaintiffs in error, there was wanting one of the essential elements necessary to constitute a conditional sale, in that there was no time fixed by the parties within which the reconveyance should be made. Mrs. Ola Brannon testified, among other things, speaking of the defendant in error.

"He said he would deed it back to me as soon as it had time to seem like a deal, a real deal, a real trade; that he would deed it back to me as soon as it had time to seem like a real trade."

There was no other testimony on this subject, except that given by the witness Ola Brannon. It is true that the defendant in error testified that he made no such declaration, but that he purchased the land and paid for it a fair value as evidenced by the deed, which spoke for itself, and truly represented the transaction. However, the jury found, as has been stated, that there was such an agreement, in effect, and the Court of Civil Appeals had declared that the verdict of the jury was amply sustained by the testimony. Therefore it is a question of law only as to what the testimony indicates the transaction to have been, whether a mortgage or a conditional sale. The question of whether it was an absolute conveyance is not before us, since it has been found by the jury that the transaction did not constitute an absolute sale.

[3-6] A deed conveying a homestead, even though it be an absolute deed on its face, is absolutely void, if it is intended by the parties at the time of its execution as security for a loan made prior to, or at the time of, its execution, and, in determining this question as to the character of the transaction, the intent of the parties is a question for the jury from all the facts in the case. Still, while this may be true, a conditional sale of a homestead is as valid as an absolute one, and the Court of Civil Appeals was clearly within the law, after having reached the conclusion that the transaction constituted a conditional sale, to reverse the judgment of the trial court and render it in favor of defendant in error. The test of a conditional sale is that it must be specific in its terms, and the condition on which the reconveyance is to be made must be specific. It has been seen from the testimony in this case, which is uncontroverted, that there was neither a fixed price nor a specified time agreed upon between the parties within which the reconveyance would be made. As was said in Fowler v. Stoneum, 11 Tex. 508, 62 Am. Dec. 490, in speaking of the instrument under discussion in that case:

"We may premise, that it must be either an absolute or conditional bill of sale, a contract to sell or convey, or a mortgage. Our legal vocabulary affords no other specific designation by which it may be supposed to be appropriately characterized."

[7-9] The verdict of the jury precludes us in this case from assuming that the instrument in the form of an absolute deed was a conveyance of the property, and since the testimony, which is uncontradicted, demonstrates the fact to be that the transaction evidenced by the instrument did not constitute a conditional sale, it must of necessity follow that the instrument was a mortgage. A conditional sale passes title to the vendee in the first instance, subject to the conditions annexed. Luckett v. Townsend, 3 Tex. 119, 49 Am. Dec. 723; Thompson v. Chumney, 8 Tex. 389; Fowler v. Stoneum, 11 Tex. 507, 62 Am. Dec. 490; Alstin v. Cundiff, 52

Tex. 461; Calhoun v. Lumpkin, 60 Tex. 189. Since the instrument executed by the plaintiffs in error was not an absolute conveyance of the property under the findings of the jury, and since the uncontradicted testimony on the subject affirmatively shows an absolute want of the essential elements of a conditional sale, it necessarily follows that the instrument evidencing the transaction between the parties was a mortgage, even though there is no express acknowledgment of the existence of the debt necessary to exist to secure which the mortgage was given. However, as the testimony shows the defendant in error paid $8,520 in cash in liquidation for the most part of certain indebtedness due by the plaintiffs in error, the law will impute to the transaction an implied promise to pay on the part of the plaintiffs in error this sum of money to the defendant in error, thus and thereby establishing the existence of a debt and the relation of debtor and creditor between the parties. We think that the opinion of the Court of Civil Appeals, holding that the evidence does not disclose the existence of any debt, is clearly wrong, for the reason that there is no contradiction of the fact that the defendant in error did pay out this money, and did take up the outstanding indebtedness of the plaintiffs in error, and, as the instrument executed did not convey the title to the property, as the jury found it did not, then of necessity the testimony demonstrates the existence of a debt thus created by the transaction between the parties, and all the elements of a mortgage are thereby presented.

The Court of Civil Appeals in its opinion only discussed the question presented whether, under the undisputed facts presented by the evidence and the fact found by the jury, the deed executed and delivered by the Brannons to Gartman constituted a mortgage or a conditional sale. It did not discuss the other assignments of error, evidently for the reason that, having reached the conclusion which it did, a discussion of these assignments was unnecessary. The authorities cited in support of the opinion of the Court of Civil Appeals in our opinion correctly state the law under the facts disclosed by the record in each one of those cases as to the elements of the conditional sale as well as the elements of a mortgage. However, we do not think the facts in this case are substantially of the same nature as the facts in the cases cited by the Court of Civil Appeals. To illustrate this difference, we quote from the opinion of the Court of Civil Appeals as follows, we ourselves italicizing the language emphasizing what we conceive to be a substantial difference between the facts of the cases cited and those of the case at bar. For instance, in one of them the court says:

"Miller v. Yturria, 69 Tex. 549 (555) 7 S. W. 206, was a suit brought by appellees to recover lots in the city of Brownsville claimed to be the homestead of the family. Miller and wife were largely indebted to Yturria and others, and after several days of negotiations it resulted in Miller and wife executing a deed to Yturria and others to the property in controversy, reciting the consideration to be the original principal of their debts and an additional sum stated paid in cash. *The agreement stipulated that the grantors should have the right to repurchase the property at any time within six years by paying the consideration expressed in the deed, with interest, taxes paid, etc.* After the six years had elapsed, appellees sued in trespass to try title to recover the property. The defense was that the transaction was a mortgage for the security of the debts, and not a conditional sale, and that the property was the homestead of the family. There the only evidence tending to show the transaction to be a mortgage was to the effect that, if appellants could pay the amount within six years, they could do so. The evidence showed the original debts were discharged. In that case Judge Gaines said: 'The fact of the continued existence of a debt to be secured, is held to be the true test of a mortgage' and referred to Ruffier v. Womack [30 Tex. 340]; Alstin v. Cundiff [52 Tex. 453], both supra, and Calhoun v. Lumpkin, 60 Tex. 185, and holding in effect that the transaction evidenced a conditional sale and not a mortgage."

The Court of Civil Appeals did not discuss the remaining assignments of error presented by the appellant, who is the defendant in error here, but, as each and all of these assignments of error present questions of law alone, it becomes our duty to examine them and pass upon them. There are 23 of these assignments, but they may be divided into two classes, one of which refers to the claim of the defendants in error that they were entitled to have their general demurrer sustained, their peremptory instruction to be given, and their objections to all the testimony in support of the pleadings, filed in the trial court by the plaintiffs in error, sustained, all of which was denied to him by the trial court, and the other that the trial court committed error in refusing to permit him to introduce testimony of his general reputation for honesty and fair dealing and truthfulness, which, upon objection, was also denied him.

[10] We have examined the first class of objections carefully, and find that, all of the authorities on the subject are contrary to the contention of the plaintiffs in error, and to the effect that parol evidence is admissible to show that a deed absolute on its face is a mortgage. We therefore overrule all the assignments of this character. The question presented is not any longer an open one in this state, and a citation of authority in support of the proposition would be superfluous.

[11] As illustrative of the nature of the remaining assignments of the defendant in error filed in the Court of Civil Appeals, we copy the eighth:

"Because the court erred in refusing to permit the plaintiff to show by the witnesses, Ad Carnes, L. E. Patterson, E. O. Priddie and Louis Hudson, that they were acquainted with the general reputation of the plaintiff. in the community where he resided, for honesty, fair dealing and truthfulness and that it was good in that by the pleadings and the evidence of the defendant, the issue was so raised as to the honesty, fair dealing and truthfulness of the plaintiff, as to render said proposed testimony competent and material; as more fully appears by plaintiff's bills of exceptions, Nos. eight, nine, ten and eleven."

[12, 13] It will be noted that this assignment complains of the action of the trial court in sustaining an objection interposed by plaintiffs in error to permitting the defendant in error to show by certain witnesses that they were acquainted with the general reputation of Gartman in the community where he resided for honesty, fair dealing, and truthfulness, and that such reputation was good. As the question is presented in the assignment, we feel constrained to overrule it merely on account of the form in which the question was propounded. The reputation for honesty and fair dealing is one thing, while a reputation for truthfulness is quite another. So the question as propounded embraced two separate and distinct issues. Evidence of the general reputation of a party as to honesty and fair dealing is competent when the charge against him amounts to fraud or a crime. Hunt v. Garrett (Civ. App.) 275 S. W. 96. In this case, the plaintiffs in error assail the honesty and fair dealing of the defendant in error both in their pleadings and also in their testimony. It is also apparent from the testimony, as well as the pleadings, that this case was tried in a county other than the residence of the defendant in error, and it may be inferred that he was more or less a stranger in the county where the case was tried. Respectable authorities hold that, where a party is a stranger in the place the trial of his case is being conducted, and he is a witness in the case, and his character as to fair dealing and honesty have been attacked by the opposite party, this fact would entitle him to establish a general reputation for honesty and fair dealing where he resides and is best known. A like rule would apply to a party's general reputation as to truthfulness where that has been assailed.

While there was some testimony by other witnesses of a general nature as to some declarations claimed to have been made by the defendant in error in harmony with the theory of the plaintiffs in error, there was no direct contradiction of his testimony, except by one of the plaintiffs in error, and the authorities are uniform that under this state of the record no issue as to the truthfulness of one of the parties is raised. Evidently, had the question propounded been confined to the general reputation of Gartman for honesty and fair dealing where he resided and is best known, the answer thereto would have been admissible. In fairness to the counsel for defendant in error, it may be permissible to state that, had the objection made particularized the grounds of the objection, the question would have been separated into two parts, and, had this been done, we would have been compelled to have sustained the assignment, based upon the action of the trial court, if such should have been its action in refusing the defendant in error the privilege of proving his general reputation for honesty and fair dealing to be good where he resided or is best known. But, as stated heretofore, as the record is presented, we overrule this assignment of error and similar ones inferentially presenting the same question.

Having disposed of all the assignments of error, we are of the opinion that the Court of Civil Appeals erred in holding that the transaction was a conditional sale and not a mortgage, and, in view of the failure of the trial court to submit this vital issue to the jury, and for the additional reason that we think the ends of substantial justice demand that the case be tried again in accordance with the views expressed, we recommend that the judgment of the Court of Civil Appeals, in so far as it renders judgment in favor of the defendant in error, be set aside, and that the case be remanded to the district court for further proceedings not inconsistent with this opinion.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.