## HANI et ux. v. BOUSTANY.
### No. 2673.

Court of·Civil Appeals of Texas. Beaumont. Dec. 27, 1934.

W. R. Blain, of Beaumont, for appellants.

White & Baker, of Port Arthur, for appellee.

WALKER, Chief Justice.

By their general warranty deed, dated the 9th day of February, 1931, appellants, Geo. Hani and wife, conveyed to appellee, Alfred Boustany, their homestead in the city of Port Arthur, occupied and used by them as such on that date, described as follows: "The West 33⅓ feet off of Lot No. Seven (7) in Block No. Five Hundred One (501) of the Town Plat of the City of Port Arthur as the same appears upon the map of said city, recorded in the Clerk's office of Jefferson County, at Beaumont, Texas." On the same day the parties entered into a written lease contract covering this property, whereby appellants were to hold the property for three years as tenants of appellee on the payment of a monthly rental of $10 and taxes, and their further agreement to keep the premises insured against loss by fire, and to make the necessary repairs during the term of the lease. The consideration for the deed was $1,000, which was used in payment of the following debts: Vendor's lien note in the sum of $552.07, secured by a vendor's lien against the above-described property; a personal note of appellee's, held by Mr. Troust, in the sum of $125, secured by a chattel mortgage; an unpaid balance of $25 for fire insurance; delinquent taxes in the sum of $157.44; for recording the deed and lease and certain affidavits, together with certain other expenses, in the sum of $45.75. The balance in the sum of $94.27 was paid to appellants. Appellants paid the $10 per month rental for eight or nine months, and then made no other payments. At the end of about three years, appellee made demand of appellants in writing for the possession of the premises, which they refused. On the 30th day of June, 1933, appellants filed this suit against appellee, praying for cancellation of their deed .to him, on allegations that it constituted a mortgage against their homestead. The appeal is from judgment entered on the verdict of a jury instructed in favor of appellee.

The trial court erred in so instructing the verdict. While the deed, by its terms, purported to vest the absolute title of appellants' homestead in appellee, and the lease was in writing, giving appellants the right to repurchase the property by paying to appellee the sum of $1,000 within three years, as this transaction involved the homestead of appellants, the proposition is too well established to require supporting authorities that, in order to invoke the protection of the Constitution, appellants had the right to show the true nature of the transaction; such testimony was not inhibited by the rule that a written instrument cannot be varied by a parol contemporaneous agreement. The testimony of appellants was explicit on the point that the $1,000 was advanced to them by appellee as a mere loan, and that the deed was executed by them merely as a mortgage to secure the loan, and that the $10 per month rental was agreed upon so that appellee could receive 12 per cent. interest on his money without violating the usury laws. The purpose of the loan was to take up the Troust vendor's lien note, which was due, and which they were not able otherwise to pay. Without further reviewing the testimony of appellants, they sustain, by their evidence, every material allegation of their petition that

the transaction was not intended by either party as a sale, but as a mere mortgage. It should be said that appellee by his testimony supported the allegations of his answer, that the transaction was not a mortgage, but was in fact a conditional sale. Alstin's Ex'r v. Cundiff, 52 Tex. 453 and Ullmann v. Jasper, 70 Tex. 446, 7 S. W. 763, cited by appellants, support the contention that the instructed verdict was error.

The authorities cited by appellee are cases where the court construed the instruments in issue by their terms, parol testimony not being involved.

Reversed and remanded.