

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Roy L. Hill
County Attorney, Runnels County
Ballinger, Texas


Dear Sir:

Opinion No. O-5496-A
Re: Reconsideration of
Opinion No. O-5496
regarding deputies
of county officials
taking acknowledgments.

We thank you for your letter of April 12, 1944, with
reference to our opinion No. O-5496. Opinion No. O-5496 holds,
in effect, that deputy county clerks and deputy district clerks
have the power and legal authority to take acknowledgments by
virtue of their own offices under the law without naming their
principals. Your letter regarding said opinion, is, in part,
as follows:

"I received recently copies of opinions as
requested of you, among which was opinion No. O-5496,
in regard to a deputy clerk taking acknowledgements.
Hon. O. L. Parish, resident District Judge, and I,
have been discussing the above opinion, and Judge
Parish called to my attention some matters in connec-
tion therewith, that I want to call your attention,
as might of been overlooked, that apparently have a
considerable bearing on this question. Of course, we
may be in error, if so, there will be no harm done,
and if correct, might save considerable trouble further
on.

"Your holding in substance was, that a deputy
district clerk, might take an acknowledgement, without
naming their principal. You refer to Articles 6603 and
6605; also Art. 6602, as amended-- Vernon's Annotated
Civil Statutes; also Tex. Jur., Vol. 1, page 433; also
same work, at page 245, Vol. 9. It seems that the
text taken from Texas Jurispurdence, is the holding
in the case of Herndon v. Reed, 18 S. W. 665, and prior
to, the amendment of the Statutes authorizing the ap-
pointment of deputy clerks.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I believe if you will refer to Art. 1898,
permitting the appointment of deputy district clerk,
and Art. 1938, likewise permitting the appointment
of county clerk, you will observe that both statutes
among other things, also state, 'such deputies shall
take the official oath, and shall act in the name of
their principal.' It was held in Kirby Lumber Co. v.
Long, 224 S. W. 906, that a deputy district clerk
could only act in the name of his principal.

"Vol. 1, page 848, Corpus Jurus Secundum, in
speaking of this authority i. e., as to statute merely
stating that acknowledgement, may be taken before such
officer of his deputy, he may take it in his own name,
or that of his principal, but the inference is so evid-
ent, that if the statute prescribes that the deputy
can act only in the name of his principal, then such
act must be done in the name of the principal, and
not that of the deputy. * * *"

Articles 1898 and 1938, Vernon's Annotated Civil Statutes,
were carefully considered when the original opinion was written, al-
though such articles are not quoted therein. Article 1898, Vernon's
Annotated Civil Statutes, reads as follows:

"The district clerk may, in writing, under
his hand and the seal of his court, appoint one or
more deputies. The appointment shall be recorded
in the office of the county clerk. Such deputy
shall take the official oath, and shall act in
the name of said principal, and may do and perform
all such official acts as may be lawfully done and
performed by such clerk in person. If the clerk
does not reside in the county seat he shall have
a deputy residing there."

Article 1938, Vernon's Annotated Civil Statutes, pro-
vides:

"The county clerk may, in writing, appoint
one or more deputies under his hand and seal of
his court, which shall be recorded in the office

of such clerk, and shall be deposited in the office of the district clerk. The deputy shall take the official oath and shall act in the name of the principal, and may do and perform all such official acts as may be lawfully done and performed by such clerk in person. When the clerk does not reside in the county seat, he shall have a deputy residing there."

The foregoing statutes pertain to the appointment of deputies by county clerks and district clerks. These statutes must be construed and considered with Article 3902, a later statute, regarding the appointment of deputies, assistants and clerks of all district and county officials coming within the terms of such statute. It is clear that district clerks and county clerks when appointing deputies must comply with Article 3902 as well as Article 1898 and Article 1938.

With reference to deputy county clerks and deputy district clerks taking acknowledgments, the foregoing statutes must be considered and construed with Articles 6602, 6603, 6605 and 6606, Vernon's Annotated Civil Statutes.

Article 6603, supra, provides:

"The acknowledgment of an instrument of writing for the purpose of being recorded shall be by the grantor or person who executed same appearing before some officer authorized to take acknowledgments, and stating that he had executed the same for the consideration and purposes therein stated; and the officer taking such acknowledgment shall make a certificate thereof; sign and seal the same with his seal of office."

Article 6606, provides:

"An officer taking an acknowledgment of a deed, or other instrument of writing, must place thereon his official certificate, signed by him and given under his seal of office, substantially in form as hereinafter prescribed."

The Supreme Court of the State of Tennessee in the case of <u>Wilkerson v. Dennison, et al</u>, 80 S. W. 765, said:

"There can be no doubt but that under both of the sections of the Code referred to a legally appointed deputy of a clerk of the county court is authorized to take the privy examination of a married woman to a conveyance of her real estate, and the only open question is whether or not the certificate which is required to be made of the examination shall show that it was made and signed by him as such deputy, or made in the name of the principal and authenticated by his signature.

"There is nothing in either of these sections directing the course to be pursued, and the question must be determined upon principal.

"Mr. Mechem, in his work upon Public Officers, § 585, has very clearly stated the law upon the subject in these words:

"'The question in whose name a deputy officer should act is one of much importance and of considerable apparent uncertainty. The conflict in the cases is, however, believed to be more apparent than real, and to be readily settled by reference to principles already considered.

"'In several of the states the authority to act in an official capacity is given to the principal alone, or, if the appointment of deputies is recognized or authorized by law, they are regarded as the mere private agents or servants of the principal, and not as independent public officers deriving independent authority from the law. Where such is the case, the authority exercised by the deputy is manifestly a derivative and subsidiary one - it is the authority conferred upon the principal, and not an authority inherent in the deputy. It follows, then, logically and legally, that the authority should be exercised in the name of him in whom it exists, and not in his name, who of himself has no recognized authority at all. The execution should, therefore, be in the name of the principal alone or in the name of the principal by the deputy.

"'In other states, as has been seen, the deputy is recognized as an independent public officer, and is endowed by law with authority to do any act which his principal might do. In these cases, where the authority exists in the deputy himself by operation of law, and is not derived solely through the principal, it is well executed in the name of him in whom it exists, the deputy himself.

"'Under either state of facts the authority of a special deputy, who, as has been seen, is regarded as the mere private agent or servant of the principal, would, unless otherwise provided by statute, be properly exercised in the name of the principal.'

"We are of the opinion that deputy clerks of the county courts of this state are authorized to take and certify the acknowledgment of deeds in both the names of their principals and themselves as deputies. The authority to do so in the name of their principals is conferred by section 4050, supra, vesting in them all the powers of principal clerks; and section 2039, supra, confers upon them in their official capacity as deputies the authority independent of that derived from the principal clerks. This last was held by this court in the case of Beaumont v. Yeatman, 8 Humph. 542, where an acknowledgment or probate made and signed by a deputy clerk in his own name, that of the principal nowhere appearing, was held valid, and the deed properly authenticated for registration; and this was also reaffirmed in the later case of Tipton v. Jones, 10 Heisk, 565."

The Court of Criminal Appeals of Texas in the case of Goodman v. State, 212 S. W. 171, with reference to a deputy county attorney administering an oath, said:

"The deputy may do, under the law, what his principal may do in line of duty devolving upon the principal. This is the general rule, and unless there are stated exceptions, the general rule applies, but where the act cannot be so performed, and the deputy is required to do the act himself, this rule does not apply. If it pertains to him individually, such as taking oaths, he cannot verify in the name of the principal. This seems to be fully recognized by the authori-

ties. This matter underwent investigation in Palmer
v. McCarthy, 2 Colo. App. 422, 31 Pac. 241; also in
Robinson v. Gregg (C. C.) 57 Fed. 186. Where the
administering of an oath is required, he cannot ad-
minister it in the name of the principal. While he
derives his authority from the principal in a certain
sense, he being a deputy and qualified under the law
as such deputy, the oath administered must be by him.
He cannot administer it in the name of the principal,
nor can he certify that the principal administered the
oath through or by him as deputy. Where an oath or
affirmation is required, it must be administered by
the officer taking it. He cannot administer it
through another. The jurat must show the oath taken
was by the officer administering it. If the princi-
pal administers the oath, it must so recite. If the
deputy does it, it must recite it was done by the
deputy, not that it was done by the principal through
the deputy. The authorities seem to be clear upon
the proposition, and draw the distinction. See note
in 2 Cyc. 12 and other authorities. This does not
militate against the proposition that in ordinary
ministerial matters, such as the issuance of process,
filing papers, and matters of that sort, same may be
issued in the name of the principal through or by the
deputy, but this does not apply to taking affidavits
or administering oaths. * * *"

We have also carefully considered the case of Marion
Machs. Foundry & Supply Company v. Central Motor Company, et al,
285 S. W. 933, construing Article 1936 wherein it is said:

"* * * Article 1936, Revised Statutes 1925,
(Art. 1749, Revised Statutes 1911), requires deputy
to act in the name of his principal; hence a jurat
in the name of county clerk by his deputy is good.
Mayhew v. Commissioners' Court (Tex. Civ. App.) 214
S. W. 943; Culp v. Commissioners' Court (Tex. Civ.
App.) 214 S. W. 944."

Article 46, Vernon's Annotated Code of Criminal Procedure, provides:

"Whenever a duty is imposed upon the clerk of the district or county court, the same may be lawfully performed by his deputy."

Deputy county clerks and deputy district clerks are public officers. (See Donges v. Beall, 41 S. W. (2d) 531; Tex. Jur., Vol. 9, page 243)

An Act of August 8, 1870, authorized clerks of the district courts, their deputies and notaries public to take acknowledgments of deeds and other written instruments required by law to be recorded in this State. The statute expressly empowered the deputies, as well as the clerks, to take and certify the acknowledgments. However, on the 6th of May, 1871, a statute was passed amendatory of the general statutes in reference to the proof and acknowledgment of written instruments for the purpose of registration. That statute purported to amend an Act approved May 12, 1846. The Supreme Court of this State in the case of Herndon v. Reed, et al, 18 S. W. 665, considering the foregoing statutes implied that the statute authorizing deputy clerks to take acknowledgments was not repealed, but said:

"But, however this may be, we are of the opinion that the certificate of acknowledgment was good. In Mueller v. Thatcher, 9 Tex. 482, it was said that a deputy county clerk was not authorized to take the acknowledgment of a deed. But this was merely dictum and it was recognized as such in Rose v. Newman, 26 Tex. 131, in which it was held that a deputy had such authority. The ruling in the latter case has been followed in Cook v. Knott, 28 Tex. 85, and in Frizzel v. Johnson, 30 Tex. 31. From the report of these cases it does not clearly appear whether the deputy clerks acted in the name of their principals or not, but we think that it is to be inferred that they acted in their own names. At all events, it has ever been the rule in this court to regard the substance rather than the form of official acts; and we see no substantial reason why, if the deputy is authorized to take the acknowledgment, he may not use his own name in making the

certificate. Such certificate is in accordance with the real facts. The grantor or the witness, as the case may be, appears before the deputy. Why should not the deputy certify to that fact over his official signature and the seal of the court whose officer he is? It has been held in this court, and it may now be considered settled law with us, that a return signed with the name of a deputy sheriff alone, as deputy, is good; and that where he has sold property he may convey without using the name of the sheriff."

We have carefully considered the case of Kirby Lumber Company v. Long, 224 S. W. 906, mentioned in your letter. This case holds that a deputy district clerk cannot take a deposition in his own name, but that such deputy must take the deposition in the name of his principal. We do not think that this case controls the question under consideration.

After carefully reconsidering Opinion No. 0-5496, in the light of the statutes and authorities mentioned by you, and many other authorities, we believe our opinion No. 0-5496 is sustained by the greater weight of authority. Therefore, we are constrained to adhere to our former ruling that deputy county clerks and deputy district clerks have the power and legal authority to take acknowledgments by virtue of their own offices under the law without naming their principals.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:KP


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN